### STATE OF TEXAS EX REL. ENGLISH V. J. F. BUCHANAN ET AL.

Decided November 26, 1904.

**1.—Independent School District—Inclusion of Agricultural Lands.**

Under the Act of March 17, 1897 (Sayles' Civ. Stats., art 616a; Batts' Civ. Stats., art. 3994), providing for the organization of independent school districts in towns of 200 inhabitants or more, it is immaterial that purely agricultural and rural lands are included, provided the district does not embrace a larger area than twenty–five square miles.

**2.—Same—Election—Disqualification of Trustee.**

The fact that at an election held for the purpose of incorporating a town into an independent school district and selecting school trustees one of the judges of election was a candidate for trustee, did not render the election void, this being only an irregularity in the manner of holding the election; nor did the participation of such trustee in the proceedings of the board of trustees of the district in ordering an election to determine whether a district school tax should be levied and bonds issued to build a school house, affect the validity of such election, he being a trustee de facto, if not de jure.

**3.—Same—Changing Other Adjoining Districts.**

The validity of the incorporation of the independent school district was not affected by the fact that in forming it the lines of adjoining districts were changed and disturbed, nor by the fact that such encroachment on the other districts was not authorized by the commissioners' court or consented to by a majority of the voters of such districts.

**4.—Same—Pleading.**

If the matter of encroachment upon other districts, without the consent of a majority of the voters, could in any event affect the question, it would have to be shown that such infringement was material, and this could not be done without appropriate allegations to that effect.

**5.—Same—Statute Construed.**

The fact that the Act of 1897 provides that the county judge shall make a return and record of an election held thereunder, the same as provided by articles 585 and 586 of the Revised Statutes, does not require that such election shall in other respects conform with the provisions of the title and chapter to which those articles belong.

**6.—Same.**

   Articles 579 and 580, Revised Statutes, provide for the incorporation of a town or village for municipal purposes, and in no way affect the validity and force of the article authorizing incorporation for free school purposes only.

   Appeal from the District Court of Collin.   Tried below before Hon. J. M. Pearson.

   *Abernathy & Abernathy* and *Abernathy & Mangum,* for appellant.

   *Garrett & Smith* and *J. R. Gough,* for appellees.—The fact that the proposed territory conflicted with other school districts will not render the incorporation invalid, nor will the fact that it includes agricultural lands do so.   State ex rel. Anderson, v. Marwood, 57 S. W. Rep., 675; Pinson v. Vesey, County Judge, 56 S. W. Rep., 593.

   TALBOT, Associate Justice.—This is an action by the State on the relation of English and others, in the nature of quo warranto, attacking the validity of the incorporation of the town of Celina, Collin County, Texas, into an independent free school district; challenging the right of J. T. Buchanan and others to act as trustees of said district and their authority to levy and collect a tax upon the property of the citizens lying within its boundaries, for free school purposes.

   A general demurrer was sustained to appellant's petition; they declined to amend, and the case was dismissed.   From this judgment of the court appellants appealed.

   The entire proceedings had in relation to the incorporation and the action of the trustees touching the issuance of bonds and the levy of a tax to pay the interest and provide a sinking fund for the retirement of such bonds at maturity, were copied into and made a part of the petition.   The petition shows that all the statutory requirements were observed in the organization of the school district and in the assessment and levy of the tax and proposed issuance of the bonds; that the town of Celina had 200 inhabitants and more, to wit, 400 inhabitants, and was not incorporated for municipal purposes; had never assumed control of the public schools within its limits, and that the territory incorporated was to be known as "The Celina Independent School District;" that the territory incorporated was described by metes and bounds, with an accompanying map, and did not exceed twenty-five square miles.

   The alleged facts upon which it is claimed that the incorporation of the school district is invalid and that J. T. Buchanan and others were illegally exercising the function of trustees, are in substance as follows: (1) That the district embraces lands not within the limits of the town of Celina; (2) that the incorporated district conflicts with, disturbs and changes the lines of adjoining school districts, and that an unreasonable amount of agricultural lands were included therein, and that such lands were included solely for the purposes of taxation; (3) that the petition for the election and incorporation was based upon the law of 1897, and that said law was inoperative for the reason that the incorporation of a town or village for free school purposes depends upon the result of an election held under the provisions of title 18, chapter 11, of

the Revised Statutes, and said title and chapter authorizes such an election only in towns or villages having more than 500 inhabitants, and the town of Celina had less than that number; (4) that article 580 of said chapter 11, of the statutes, prescribes the number of inhabitants of the town, seeking incorporation, that shall file the application, and limits the territory to such as is intended to be used strictly for town purposes, and that the school district in question includes land not intended for such purposes, and there is no provision in the Act of 1897, relating to the incorporation of a town of a less number of inhabitants than 500, as to the kind of petition that shall be filed or of the number or qualifications of the persons who shall sign it; (5) that one of the appellees, J. T. Buchanan, was the presiding officer of the election held to determine whether or not the town of Celina should be incorporated as an independent school district, and was also a candidate at said election for the office of trustee of said school district; (6) that the trustees of said independent school district met on the 26th day of February, 1904, to decide what percent of the value of real and personal property should be charged in assessing Celina independent school district for the purpose of constructing a public free school building within the limits of said district, and that the assessor and collector of taxes for the district was instructed by said trustees, without authority to do so, by resolution to assess the real property and merchandise at 60 percent of the cash value of each, and all farm lands at 30 percent of actual cash value; actual cash value of farm lands to be fixed according to nearness to market, and also an increase of one-third, both in country and in town, where it is found to be deserving. All moneys to be taken at 100 cents on the dollar and all good notes at par value, and all other notes and accounts at what they are considered to be worth. Upon these allegations, appellants prayed that the incorporation of Celina school district be declared a nullity and the trustees thereof ousted from office.

Most of the questions involved in this appeal have been thoroughly discussed and decided adversely to appellants in the cases of Pinson v. Vesey, 23 Texas Civ. App., 91, and State v. Norwood, 24 Texas Civ. App. 24.

1. Under the statute of April 6, 1881, authorizing the incorporation of towns and villages for the purpose only of establishing and maintaining free schools therein, and which did not prescribe the area that might be included in the district, it was held that the boundaries of the corporation could not be extended beyond the limits of the town, and that the incorporation of twenty-eight square miles of territory, of which there were about twenty-six square miles of agricultural lands and only about two square miles covered by the collection of houses comprising the town, was unauthorized and invalid. State v. Eidson, 76 Texas, 302. But where the area is, by the statute authorizing the creation of such districts, prescribed, and that amount or a less quantity is included in the district, the boundaries of the corporation need not be confined to the limits of the town proper, but may be extended so as to take in agricultural and rural lands, not to exceed the area authorized by statute. Finson v. Vesey, supra. In this case the area defined was

about eighteen square miles, of which about sixteen square miles were agricultural and rural lands.

2.   It may be conceded that J. T. Buchanan's personal interest in the result of the election, held for the purpose of incorporating the town of Celina into an independent school district and to elect trustees therefor, by reason of his candidacy for the office of trustee of said district, disqualified him to serve in the capacity of judge at said election; but such act on his part would constitute only an irregularity in the manner of holding the election, which would not render the same void.  Such irregularity could only in any event affect or call in question the legality of the said Buchanan's own election, as trustee of the created school district, and not the validity of the incorporation itself, or the election of the other trustees of said district.  Nor would the participation of the said Buchanan in the councils and proceedings of the trustees of said district affect the validity of the election held to determine whether or not a tax should be levied and collected and bonds issued for the purpose of erecting a public free school building in the district or the legality of their acts in otherwise administering the affairs of the school district.  His election being merely irregular and not void, he would be a de facto if not de jure trustee.  City of El Paso v. Ruckman, 92 Texas, 88; Boesch v. Byrom, decided at a former day of the present term. It is not alleged that fraud was practiced in the election, and it does not appear that the result declared was not a fair expression of the will of the voters.  Neither are we considering a contest between the said J. T. Buchanan and an opposing candidate at said election for the office to which the said Buchanan claims to have been elected, and are not undertaking to lay down or apply the rule that would obtain in such case.

Furthermore, there is no assignment of error or proposition in appellant's brief raising the question that the allegations in their petition, to the effect that J. T. Buchanan was the presiding officer of the election at which he was elected trustee of the Celina independent school district, showed a sufficient cause of action for his ouster from such office, and no opinion is expressed upon it.  The only contention made is that such fact rendered the election void.

3.   The contention that the court erred in sustaining the demurrers and dismissing the case, because it was alleged that the boundaries of the Celina independent school district "disturbed and changed" the lines of adjoining school districts created prior to the time of its incorporation, it not appearing from the allegations of the petition that such change was authorized by the Commissioners' Court of the county, nor consented to by a majority of the qualified voters of each district, can not be sustained.   The incorporation was had under the Act of the legislature of March 17, 1897.   Batts' Civ. Stat., art. 3994.   The right is conferred by this statute upon towns and villages having 200 inhabitants or over to incorporate for free school purposes only, and no restriction is placed upon the exercise of that right by the provisions of statute, except that the territory included shall not exceed twenty-five square miles.   It is not essential to the validity of an incorporation under that statute, which encroaches upon adjoining districts, that such

encroachment was authorized by the Commissioners' Court or consented to by a majority of the voters of such districts. So long as the statutory limit of twenty-five square miles is respected and adhered to, the interference with contiguous districts is immaterial. Article 3938 of the Revised Statutes provides for the subdivision of counties into school districts by the Commissioners' Court, and the restriction contained therein and invoked in this case "applies only to changes made by that court." As said in the case of the State v. Norwood, supra: "It can not be contended that the restriction in this article as to changes in the boundaries of school districts would be binding upon the Legislature, and when the legislative power to incorporate for school purposes was delegated in an unqualified manner by the Legislature to the inhabitants of towns and villages and adjoining territory, not exceeding twenty-five square miles, the exercise of that power becomes as unrestricted in such inhabitants, when exercised in the manner prescribed by the Legislature, as if exercised by the Legislature itself. Any other construction of article 3994 would render the rights thereby conferred practically unavailable to towns situated in counties which have been subdivided under the district school law."

4. Besides, appellants' petition does not show how or to what extent the district in question interfered with other districts, or that the conflict, if any, was not assented to by a majority of the voters of the district encroached upon. Neither does it appear that relators or any other person would be put to inconvenience in respect to the schools of the district by reason of such conflict. In order to avail themselves of these facts as grounds for invalidating the incorporation, it was necessary to allege them. If the matter of encroachment upon other districts, without the consent of a majority of the voters, could in any event affect the question, it would have to be shown that such infringement was material. This could not be done without appropriate allegations. Pinson v. Vesey, supra.

5. There is no merit in the contention that, as alleged in the petition, the election for the district was based on the law of 1897, and that said law is inoperative and void for the reason that the incorporation of a town or village for free school purposes depends upon the result of an election held under the provisions of title 18, chapter 11, of the Revised Statutes, and the said title and chapter authorize such an election only in towns or villages having 500 inhabitants, etc. The title and chapter referred to (Rev. Stat., 1895, art. 616a) provide for the incorporation of towns and villages having 200 inhabitants or more, for free school purposes only, and provides that the territory shall not exceed sixteen square miles. We have been able to find no article in that title and chapter providing for such election only in towns or villages having 500 or more inhabitants. Article 616a of the Revised Statutes of 1895 was amended by the Act of the Legislature of 1897, and the incorporation of a town or village with 200 or more inhabitants is authorized by said act for free school purposes only, and provides that the territory shall not exceed twenty-five square miles. It is therein provided that if, at an election held under the provisions of the title and chapter to which it belongs, a majority of the votes cast be in

favor of the incorporation, it shall be the duty of the county judge to make return thereof, and cause a record of the result of such election to be made, the same as provided for by articles 585 and 586. Why a reference to these articles of our statute, for the guidance of the county judge in making returns and a record of the result of an election held under the provisions of the act referred to, which is incorporated in Sayles' Civil Statutes as article 616a, and in Batts' Civil Statutes as article 3994, should render the same void, we are unable to perceive. It seems that in this respect only is the result of an election held under said act made to depend upon the provisions of title 18, chapter 11, of the Revised Statutes, and it is clear the same in no way affects or renders inoperative that act.

6. Articles 579 and 580 of said title and chapter provide for the incorporation of a town or village for municipal purposes, and is separate and distinct from the article authorizing the incorporation for free school purposes only, and in no way affects the validity and force of the latter article.

That appellants' petition alleged that the trustees of said school district passed a resolution instructing the assessor and collector of taxes of the district to assess the real and personal property found within the limits of said district at a certain percent of its valuation, furnishes no reason, as the same is presented, for a reversal of the case.

The judgment of the court below is affirmed.

*Affirmed.*