## Ex Parte Ura Koen.

### *No. 482. Decided February 9, 1910.*

#### 1.—Refusing to Work on Public Road—Municipal Corporation—Collateral Attack—Habeas Corpus.

Where relator was arrested on a capias profine issued out of the Justice Court on a judgment convicting him of failing to work on a public road, and relator contended that he had been illegally convicted inasmuch as he lived in an incorporated town, it was reversible error to permit the county attorney over the objection of relator to show that some of the signers to the petition for incorporation were not qualified electors, as this was a collateral attack on the validity of the incorporation of said town.

#### 2.—Same—Collateral Attack—Quo Warranto.

Where a city was incorporated under article 580, chapter 11, of the Revised Statutes, it will be conclusively presumed that all the requirements of the law have been complied with in the incorporation, and said Act of Incorporation can not be impeached in a collateral proceeding; it is only by quo warranto in a direct proceeding that such incorporation can be annulled.

#### 3.—Same—Incorporated Town—Road Duty—Habeas Corpus.

Where upon habeas corpus proceeding it appeared from the record on appeal that the relator, at the time he was fined for not working on the road outside of an incorporated town, he was a resident of a duly incorporated town, he was not subject to road duty outside of the corporate limits of said town, and being arrested on a capias profine by virtue of a judgment in the Justice Court for failing to work the road outside of said town after having been duly summoned, he was entitled to his discharge under writ of habeas corpus.

Appeal from the County Court of Shelby. Tried below before the Hon. W. D. White.

Appeal from a habeas corpus proceeding asking release from a capias profine issued out of a Justice Court for a fine of $5 for failing to work on public road.

The opinion states the case.

*J. P. Anderson, T. O. Davis* and *T. C. Davis,* for appellant.—Upon question of want of jurisdiction of the Justice Court to fine relator for failing to work on public road outside of corporate limits of incorporated town: Ex parte Roberts, 28 Texas Crim. App., 43; Ex parte Degener, 30 Texas Crim. App., 566, 17 S. W. Rep., 1111; El Paso v. Ruckman, 92 Texas, 86.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—This is an appeal from the action of the court below in refusing to discharge the relator on a writ of habeas corpus. Relator had been arrested on a capias profine issued by C. J. Tyler, justice of the peace of Precinct No. 6, Shelby County, Texas, on the 14th day of December, 1909. Relator being in custody by virtue thereof, sued out a writ of habeas corpus before the county judge of Shelby County, asking his release. The writ was issued as prayed for, and the sheriff made his return that he held relator on a capias pro-

fine on a conviction for failing to work the road after having been summoned legally by the overseer. In the trial of the case before the county judge it was shown that relator resided in Shelby County, and had resided there for six months; that he lived in the town of Waterman; that he removed from Arkansas, and had been residing in said town of Waterman, which was a part of justice precinct No. 6 of Shelby County; that he had been in the State about six months; that he was arrested, tried and convicted for failing to work the public roads outside of the town of Waterman; that he did not move to Texas until June 1, 1909, and that he paid his road tax in the State of Arkansas for the year 1909 before removing to Texas. The testimony shows that he had been properly summoned to work the road by the overseer. The relator further proved that an application was made, signed by twenty-eight citizens, to the county judge of Shelby County, requesting that he order an election be held at Waterman by the qualified voters residing within said town as laid off by metes and bounds to determine whether or not the town of Waterman should be incorporated, and that said petition was granted on the 31st day of May, 1909. That the county judge ordered an election to take place on the 12th day of June, 1909, appointing judges of the election and managers thereof; and furthermore, that there was an order of the Commissioners Court of Shelby County showing that an election was held on the 14th day of June in the town of Waterman, as directed by the previous order of the court, and that the returns of the election had been duly made to the county judge, and that he had duly opened same in accordance with law, and that the county judge declared the election legal and that the town of Waterman was duly incorporated. The field notes of the town of Waterman were duly set out in the order. It is further shown that an election was held for a mayor and board of aldermen for the town of Waterman, together with city marshal, and that said board of aldermen and officers had qualified; that the town had been laid off in streets and alleys, and that the city council had passed ordinances, and provided that all male inhabitants over the age of 21 and under 45 who shall have resided in the city for ten days shall be subject to road duty. It was conceded that all the steps as provided by the statute for the holding of an election in villages and towns as provided by chapter 11 of the Revised Statutes of 1895 had been fully complied with.

On the trial of the case in the court below the county attorney, over the objection of relator, was permitted to show that of the twenty-eight signers to the petition for an election and incorporation that some twenty of these were not qualified electors, as provided under article 580, chapter 11 of the Revised Statutes, and upon this proof being made that the signers were not qualified electors the court below held that the State could, in this character of proceeding, collaterally attack the validity of the incorporation. In other words, the court held that the action of the county judge in ordering the election and passing

upon the qualification of the electors, could be inquired into in a habeas corpus proceeding, and that the trial court in a habeas corpus proceeding had a right to question the correctness of the findings of the county judge in ordering the election for an incorporation, and held that the incorporation was illegal and invalid and remanded the relator to the custody of the sheriff to pay the fine and costs. In this we are of opinion that the court below was in error. Under all the authorities when there is a tribunal created by law to pass upon any given state of facts, the findings or conclusions of this tribunal can not be questioned collaterally and the remedy, if any exists, is by quo warranto to annul and set aside the incorporation. A corporation may cease to exist by nonuser, and it may be dissolved by proceedings instituted for that purpose, but when an incorporation has been once created it will be conclusively presumed that all the requirements of the law have been complied with in the incorporation and can not be impeached in a collateral proceeding. In this, as above stated, the court was in error. In the case of Graham v. The City of Greenville, 67 Texas, 62, the Supreme Court, speaking through Chief Justice Willie, said: "If a municipality has been illegally constituted, the State alone can take advantage of the fact in a proper proceeding instituted for the purpose of testing the validity of its charter. When the question arises collaterally, says Mr. Cooley, 'the courts will not permit its corporate character to be questioned, if it appears to be acting under color of law, and recognized by the State as such.' And this though the manner of incorporation prescribed by the Constitution has not been followed.

"Mr. Dillon, in his work on Municipal Corporations, thus states the law: 'In proceedings to enforce ordinances, the illegality of the corporate organization can not be shown to defeat a recovery. In such a collateral proceeding, evidence that the corporation is acting as such is all that is required.'

"And in our own State, in the case of Anderson County v. International & Great Northern Railroad Company, 52 Texas, 228, a petition was held defective which set up the illegality of a tax on the ground that less than two thirds of the qualified and registered voters of the county had voted to issue the bonds, for the payment of the interest on which the tax was levied. This court said: 'That if the result of such an election is by law to be ascertained and declared by any tribunal, the action of that tribunal is conclusive, unless it be impeached or sought to be revised in a direct proceeding instituted in time.'" The law having lodged in the county judge the power to pass upon the qualification of petitioners for ordering the election for all purposes, his judgment is conclusive, and can not be collaterally attacked. There is only one way to dissolve the corporation after it is once put in existence, and that is by quo warranto proceedings instituted by the State. It could not be in a proceeding of this sort collaterally questioned. See also the case of Ex parte E. C. Roberts,

28 Texas Crim. App., 43; also City of El Paso v. Ruckman, 92 Texas, 86.  The relator being a resident of a town duly incorporated, was not subject to road duty outside of corporate limits.  We, therefore, hold the court below erred in holding the incorporation invalid and in remanding relator.

The judgment of the court below is therefore reversed and relator ordered discharged.

*Relator discharged.*

Davidson, Presiding Judge, absent.