CRABB et al. v. CELESTE INDEPENDENT SCHOOL DIST.†

(Court of Civil Appeals of Texas. Nov. 19, 1910. On Motion for Rehearing, Dec. 17, 1910.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 40*)— ADDITION OF TERRITORY — PETITION — COLLATERAL ATTACK.

Where a petition to add territory to a school district alleged that the signers were a majority of the persons qualified to vote for members of the Legislature within the territory proposed to be added, whether such signers constituted a majority was a question for the determination of the school board, and their affirmative finding could not be collaterally attacked.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 70; Dec. Dig. § 40.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 40*)— TERRITORY—ADDITION—DE FACTO ANNEXATION—DEFECTIVE PETITION.

Where a school board had statutory authority to extend the boundaries of the district on a petition duly filed for the purpose, the fact that the petition purported to have been sworn to the day after the board granted the prayer thereof, and that a copy of the resolution passed by the board, containing a description of the

property added, was not filed for record in the county clerk's office, were mere irregularities which would not render the proceeding void, in a suit by owners of portions of the land embraced in the added territory.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 70; Dec. Dig. § 40.*]

3. SCHOOLS AND SCHOOL DISTRICTS (§ 40*)— ANNEXATION OF TERRITORY—DE FACTO ANNEXATION.

Such proceedings at least constituted a de facto annexation of the property attempted to be added, which could only be questioned by the state in a direct proceeding to set it aside.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 70; Dec. Dig. § 40.*]

4. SCHOOLS AND SCHOOL DISTRICTS (§ 37*)— ANNEXATION OF TERRITORY—RESOLUTION— FAILURE TO FILE — HEARING NUNC . PRO TUNC.

Where the trustees of a school district failed to file a resolution, containing a description of territory added to the district, for record with the county clerk, such omission was a failure to perform a ministerial duty, which could be cured by a nunc pro tunc order.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 37.*]

5. SCHOOLS AND SCHOOL DISTRICTS (§ 101*)— ADDITION OF TERRITORY—TAX LEVY.

Where, prior to the addition of territory to a school district, it had voted a tax of 20 cents on the $100 of property situated in the district, for school purposes, which rate had been levied and collected for several years, without any further election to determine the rate of assessment, such rate ipso facto became applicable to territory added to the district; the owners of the property annexed having taken no steps to bring about an election to vote off the tax, as authorized by Sayles' Ann. Civ. St. Supp. 1906, p. 410, §§ 63–65.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 252; Dec. Dig. § 101.*]

6. SCHOOLS AND SCHOOL DISTRICTS (§ 102*)— TAXES — LEVY — ADDITION OF PROPERTY — CURING IRREGULARITIES NUNC PRO TUNC.

Where proceedings to add territory to a school district were proper except for the nonperformance of certain ministerial acts, which were curable nunc pro tunc, the property added to the district, was not, by such irregularities, exempted from liability for taxes levied for school purposes therein prior to the correction thereof.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 252; Dec. Dig. § 102.*]

On Motion for Rehearing.

7. SCHOOLS AND SCHOOL DISTRICTS (§ 37*)— ANNEXATION OF TERRITORY—RESOLUTION— PETITION.

Where a board of school trustees granted a petition to add certain territory to the district, the proceedings were not void because the resolution of the board did not give the boundaries of the annexed territory, which were fully set out in the petition, which could be looked to to determine the facts.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 67; Dec. Dig. § 37.*]

Appeal from District Court, Hunt County; T. D. Montrose, Judge.

Action by S. C. Crabb and others against Celeste Independent School District. Judg-

ment for defendant, and plaintiffs appeal. Affirmed.

Thompson & Mead, for appellants. Looney & Clark, for appellee.

BOOKHOUT, J. This was an action brought by plaintiffs to have annulled the attempted incorporation of their lands as a part of the Celeste independent school district, and to enjoin the collection of taxes levied thereupon for the year 1908.

Their original petition was filed on September 18, 1908, and their amended petition was filed February 26, 1909, in which they allege substantially: That some time during the year 1907, the board of trustees, acting for and in behalf of defendant district, made a pretense of extending the limits of said district, which extension was so arranged as to include lands and premises belonging to plaintiffs, which were not embraced within the limits of said district as previously organized. That pursuant to said pretended extension of the limits of said district said board of trustees has caused to be levied and assessed a tax of 20 cents on the $100 worth of property against all of the property owned by plaintiffs within the limits of said extension, and are preparing to make demand for, and to enforce the collection of, the taxes so levied, setting out the number of acres of land upon which taxes were assessed to each of the plaintiffs, respectively, and the amount of taxes so assessed against each of them. That the amount of lands shown by said assessment rolls as belonging to each of the plaintiffs, respectively, is in excess of the amounts really owned by them within the limits of said extension. That the pretended extension of said district was attempted to be made in response to a petition signed by A. J. Byers, J. B. Hanson, W. J. McGuire, J. J. Essary, S. L. Green, and O. L. McGuire, and presented to said board on May 24, 1907, and the description of the territory as set out in said petition is embraced in the plaintiffs' petition herein. That said attempted extension of the limits of said district, and the levy and assessment of the taxes as above shown against the property of plaintiffs, are without authority of law, and are contrary to the Constitution and laws of this state. Defendant filed answer embracing general and special exceptions, general denial, and answering specially sets out: That the territory in question was admitted as a part of the district in question upon a petition in due and legal form, signed by a majority of a class of voters required by law for such purposes, residing in the territory at the time, and proven up in a legal and proper manner, and accepted and approved in a legally sufficient way by the board of trustees of said district on the 24th day of May, 1907. That said petition, together with a descrip-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

tion of the territory in question, was duly recorded as required by law, and thereafter the whole proceeding was, on the 1st day of October, 1908, by a nunc pro tunc resolution, duly approved, and the territory duly accepted as of date May 24, 1907, and all of said proceeding duly recorded in the office of the county clerk as the law requires. That said territory has been recognized by the legal authorities, district, county, and state, as a part of the district aforesaid, since the date last above named, and the same cannot now be called in question by the plaintiffs in this proceeding. The court overruled the defendant's exceptions to plaintiffs' petition, and on trial of the cause before the court judgment was rendered in favor of the defendant, to which plaintiffs excepted and gave notice of appeal, which was duly perfected.

While the minutes of this court show that this cause was submitted on March 5, 1910, the record did not come in the possession of the members of this court until the 5th day of November, 1910. The trial judge filed conclusions of fact and law.

Error is assigned to the second paragraph of the findings of fact, which paragraph is as follows: "That on the 24th day of May a petition in due and legal form, signed by a majority of the inhabitants of the territory in question in this case, who were qualified to vote for members of the Legislature, was presented by more than three of such qualified voters to the president of the board of trustees of the Celeste independent school district, and that said petition had annexed thereto the affidavit of more than three of such qualified voters to the facts set forth in said petition; that said petition fully described by metes and bounds the territory in question, and in all respects complied with the law relating to the annexation of territory to independent school districts in this state; that upon the filing of said petition containing the affidavit and description aforesaid with the president of said board of trustees, he submitted the same to the board in regular session, and upon investigation by it, it found that the proposed addition would not increase the corporate limits of said district so that the whole, when so increased, would exceed 25 square miles, and that the petition was in all respects in compliance with law and signed by the requisite number of those the law designs to sign such petition to make the same valid, and that upon the ascertaining of such facts the said board of trustees, by a resolution duly entered upon its minutes on the 24th day of May, 1907, received said territory as an addition to it, and it became a part of the corporate limits of said independent school district."

The proposition presented is that, in order to incorporate territory into an adjacent school district under chapter 124, § 153, Acts 29th Leg., there must be a petition presented to the trustees of such district, signed by a majority of the persons residing within the territory proposed to be added, who are qualified to vote for members of the Legislature, and this fact must be shown by an affidavit accompanying such petition. So that when a petition is presented to such trustees, signed by six persons, one of whom is a nonvoter at the time, such petition and the affidavit accompanying it must show that the five remaining persons signing the same, who are qualified voters, are a majority of the persons residing within such territory at said time, who are qualified to vote for members of the Legislature, and in the absence of such showing said board could not lawfully grant said petition.

The Celeste independent school district was incorporated prior to January 1, 1907, and said district included the town of Celeste and adjacent territory, the whole not exceeding 25 square miles in area. A petition signed by A. J. Byers, J. B. Hanson, W. J. McGuire, J. J. Essary, S. L. Green, and O. L. McGuire, asking that certain territory therein described be added to said Celeste independent school district, was presented to said school board on May 24, 1907. Said petition represented that the six persons who were signers thereto were a majority of the persons qualified to vote for members of the Legislature, residing within the territory proposed to be added.

There was testimony tending to show that one of the signers to said petiton had not paid his poll tax, and therefore was not a qualified voter. There was no testimony as to the others. The petition alleged that the signers thereto were a majority of the persons qualified to vote for members of the Legislature within the territory proposed to be added, and whether those signers constituted a majority was to be determined by the school board, and their finding cannot be called in question in a collateral acton. Scarbrough v. Eubank, 93 Tex. 106, 53 S. W. 573.

Again, it is contended that a petition presented to a school board, asking that territory be added to a school district, pursuant to chapter 124, § 153, Acts 29th Leg., in order to authorize such board to receive and incorporate such territory, must be accompanied by the affidavit of at least three of the signers to the facts set forth in such petition; and that any act of such board in adding territory upon a petition, not so accompanied by such affidavit, would be a nullity. This petition was presented to the school board of the Celeste district on May 24, 1907, and upon its presentation the said board caused the following entry to be made upon its minutes: "The petition of S. L. Green and others, also the petition from the North district, unanimously passed. The following are the boundaries of the above," setting out the same. No other or further action was taken by said board upon said petition until October 1, 1908. The jurat to said petition shows that it was sworn to on May 25, 1907, by

A. J. Byers, J. B. Hanson, A. L. Green, W. J. McGuire, and O. L. McGuire. If these dates are correct, then it would seem that the petition was acted on by the board one day before it was sworn to. The fact that the petition purports to have been sworn to the day after the board acted upon it, and the further fact that a copy of the resolution passed by the board at the time, containing a description of the territory added, was not filed for record in the county clerk's office, were but irregularities which would not render the action of the board invalid at the suit of plaintiffs, owners of portions of the land embraced in the added territory. The statute conferred on the board authority to extend the boundaries of the district and add other territory. The board then had jurisdiction over the matter, and its action was not void, but at least constituted a de facto annexation of the district, which could only be questioned by the state in a direct proceeding. Supplement to Sayles' Ann. Civ. St. 1906, pp. 441–442; El Paso v. Ruckman, 92 Tex. 86, 46 S. W. 25; Graham v. Greenville, 67 Tex. 62, 2 S. W. 742; Railway v. Bratcher, 118 S. W. 1091; 25 Am. & Eng. Ency. of Law (2d Ed.) p. 37, and authorities cited in note, page 38.

Again, error is assigned to the fourth paragraph of the court's findings of fact, which paragraph is as follows: "I find that on the 1st day of October, 1908, a resolution, in all respects complying with law and fully setting out the history of the presentation of the petition for annexation of said territory, the action of the board thereon, the filing and recording of said petition, the failure to file and record the resolution, the fact that jurisdiction has been assumed and exercised over the territory by the school district from the time said petition was first acted upon, and in all respects fully setting out all of the facts in detail, and resolving that in view of the facts said territory is duly accepted, and has been since May 24, 1907, a part of the Celeste independent school district, was duly and unanimously adopted by said board of trustees; that the' same contained a full description of the territory in question and in all respects complied with law, and was adopted as a nunc pro tunc resolution, and was filed and recorded in the office of the county clerk of Hunt county on the 2d day of October, 1908."

It is insisted that a school board has no authority to pass a resolution adding territory to a school district, except in response to a petition then presented, signed, and verified, as prescribed by chapter 124, § 153, Acts 29th Leg., and a resolution seeking to ratify an illegal act of such board, granting a petition prepared and signed 16 months prior to the passage of such resolution, would be a nullity. This contention is not sustained. We have already held that the action of the board on May 24, 1907, was not void. The petition, which was acted upon by the board, complied with the law and was duly accepted by proper action of the board. The only omission was the board's failure to file the resolution containing a description of the added territory for record with the county clerk. This was a ministerial duty and could be cured by a nunc pro tunc order.

The sixth paragraph of the court's findings of fact is assigned as error. This paragraph reads as follows: "I find that the taxes complained of were regularly and legally levied and assessed against the property of the plaintiffs in the territory in question; and, while there is testimony tending to show that more land has been assessed against some of the parties than such parties own in said territory, there is no evidence that such parties did not, in fact, render the quantity of land assessed for taxation, and there is no claim in this case that any of the school authorities have acted fraudulently in any respect in connection with the levy and assessment mentioned.

The proposition presented is that where a tax has been voted upon the property within the limits of a school district, other territory cannot be thereafter added pursuant to chapter 124, § 153, Acts 29th Leg., and the property within such added territory thereby made subject to such tax. Any law authorizing the levy of such tax upon property so included in a school district would be in violation of article 7, § 3, of the Constitution of of the state of Texas. This proposition is not sustained.

Prior to the 1st day of January, 1907, the property, tax-paying voters living within the limits of said school district had voted a tax of 20 cents on the $100 worth of property situated within the same for school purposes, and for several years prior to said date said tax had been annually levied and collected by the trustees of said district for the support and maintenance of said school. No election has been held within the limits of said school district since January 1, 1907, to determine as to the levy and assessment of any school tax within the same.

Where a school district has voted for school purposes a tax of 20 cents and afterwards other territory is annexed, there is nothing in the Constitution requiring another election, in which those in the annexed territory participate, before property in such territory is subject to such tax. The 20-cent tax for school purposes had been legally voted in the district before the territory in question was added. Const. art. 7, § 3; Graham v. Greenville, supra. Persons owning property in territory added to an independent school district by the extension of its boundaries must accept conditions as they find them, or bring about an election to vote off the tax, as provided for by statute. Sayles' Ann. Civ. St. Supp. 1906, p. 410.

Again, it is contended that where territory is so added by a resolution passed by the school board of said district, dated October

1, 1908, and a copy of same filed on October 3, 1908, the owners of property in such added territory are not liable for such tax for the year 1908. This contention is not sustained. Where authority is conferred by law and exercised by the proper authority, to annex territory to a school district, and some mere ministerial act is omitted and the territory is nevertheless received and recognized as a part of the district by the authorities generally, the omission may be cured now for then, and the fact that such territory has been duly annexed from the beginning cannot be questioned collaterally, or by any one except the state. El Paso v. Ruckman, supra; Graham v. Greenville, supra; Am. & Eng. Ency. Law (2d Ed.) 741.

We conclude that there is no reversible error pointed out in the record, and the judgment is affirmed.

### On Motion for Rehearing.

The appellants, in their motion for rehearing, complain at that part of our opinion wherein we say: " 'The petiton of S. L. Green and others, also the petition from the North district, unanimously passed. The following are the boundaries of the above,' setting out the same." The complaint is that the resolution did not set out the boundaries of the district. This contention is correct. While the resolution did not give the boundaries of the district, the board had before it a petition which fully described by metes and bounds the territory to be annexed, and acting on this petition the board unanimously passed the resolution. While the resolution did not give the boundaries of the annexed territory, we think the petition could be looked to in determining that fact. What we decided was that the action of the board was not void.

The motion for rehearing is overruled.