KUHN et al. v. CITY OF YOAKUM et al.
(No. 8394.)

(Court of Civil Appeals of Texas. Galveston.
Nov. 8, 1923.)

1. Schools and school districts ⚮⚮22—Act authorizing extension of city limits for school purposes held not unconstitutional.

Rev. St. art. 2883 (Acts 1905, c. 124, § 148), authorizing extension of city limits for school purposes only, *held* not contrary to Const. art. 7, § 3, as authorizing addition of property to an existing school district, and making property in the added territory liable for its pro rata part of such district's existing indebtedness, without an election by the persons affected.

2. Schools and school districts ⚮⚮38—Residents petitioning for addition of territory to city for school purposes cannot complain of failure to hold election to determine liability for pro rata share of annexing district's indebtedness.

Where a majority of the residents of a territory petition for addition thereof to a city for school purposes, as authorized by Rev. St. art. 2883 (Acts 1905, c. 124, § 148), they cannot complain because no election to determine whether they should pay their pro rata share of the annexing district's existing indebtedness was held.

3. Statutes ⚮⚮122(1)—Subject of act authorizing extension of city limits for school purposes held embraced in title.

The subject of Rev. St. art. 2883 (Acts 1905, c. 124, § 148), authorizing extension of city limits for school purposes, *held* embraced in the title, "An act to provide for a more efficient system of public free schools," and "for independent school districts in cities and towns" and "independent districts incorporated for school purposes only."

4. Schools and school districts ⚮⚮30—Power of city council to extend city limits for school purposes not curtailed by act limiting reduction of county school districts.

Rev. St. art. 2815, as amended by Acts 1909, c. 12, prohibiting reduction of the territory of common school districts below nine square miles, deals only with county school districts under the jurisdiction of the commissioners' courts, and hence does not limit the power of the city council, under Rev. St. art. 2883 (Acts 1905, c. 124, § 148), to curtail the territory of an adjoining school district by adding part to the city for school purposes.

5. Schools and school districts ⚮⚮103(2)—Character of city school district not changed by addition of adjoining territory so as to deprive council of authority to order school tax election.

Annexation of territory to a city for school purposes only, as authorized by Rev. St. art. 2883 (Acts 1905, c. 124, § 148), does not change the character of the district so enlarged from that of a city having control of the schools within its limits as provided by Const. art. 7, § 3, to one governed by a board of trustees, so as to deprive the city council of its authority, under article 2875, to order a school tax election.

6. Schools and school districts ⚮⚮103(2)—Submission of specific rate of taxation at school election held not interdicted by statute.

Rev. St. art. 2876 (Acts 1905, c. 124, § 141), as amended by Acts 1917, c. 169 (Vernon's Ann. Civ. St. Supp. 1918, art. 2876), providing that the proposition submitted at a

school tax election "may" be for such a rate of ad valorem tax not exceeding such per cent. as may be voted at such election, does not interdict submission of a specific rate, but permits submission of such a rate, not exceeding the constitutional limit, as is deemed necessary.

**7. Schools and school districts ⊕103(2)— Election submitting question of special tax for one year only not void.**

In view of Rev. St. art. 2876 (Acts 1905, c. 124, § 141), as amended by Acts 1917, c. 169 (Vernon's Ann. Civ. St. Supp. 1918, art. 2876), expressly authorizing an annual levy of school taxes, an election submitting a special tax to be assessed for one year only is not void.

**8. Statutes ⊕122(2)—Act re-enacting statute held not void as not expressing purpose in caption.**

Acts 1917, c. 169 (Vernon's Ann. Civ. St. Supp. 1918, art. 2876), expressly repealing Rev. St. art. 2876, while amending articles 2877–2880, and renumbering them sections 2876–2878, leaving 2880 as the repealing article, held not void as not expressing in the caption its purpose to re-enact article 2876.

Appeal from District Court, De Witt County; John M. Green, Judge.

Suit by W. A. Kuhn and others against the City of Yoakum and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Bailey & Wallace, of Cuero, for appellants. Carothers & Brown, of Houston, and Durell Miller, of Yoakum, for appellees.

GRAVES, J. W. A. Kuhn and others, who are appellants here, filed in the district court of De Witt county their petition complaining of the city of Yoakum, its assessor and collector of taxes, and the Yoakum independent school district, who are appellees in this court, attacking an extension of the limits of the city of Yoakum for school purposes only, made pursuant to article 2883 of our Revised Statutes, at the same time seeking to permanently enjoin the appellees from enforcing ordinances of the city whereby the limits were so extended, and from levying, assessing, or collecting any taxes for school purposes on the lands taken in by such extension for school purposes only, the property of the petitioners being within the territory so added, but not in the independent school district as theretofore existing; the petition also assailed an ordinance of the city levying a 60-cent tax on the $100 valuation on all property within the limits of the city as so extended, as well as the election by which the tax was authorized.

Substantially the petition charged that prior to 1915 the city of Yoakum was incorporated under the general laws of this state, and had taken charge of the public free schools within its limits; that in 1915, under what is known as the Home Rule Amendment to the Constitution, it adopted a charter as a city of more than 5,000 inhabitants, still retaining the same control of the public free schools within its limits; that by ordinances dated May 2, 1922, and June 10, 1922, the city undertook to make the abovementioned extension of its lines for school purposes only, taking in the lands owned by the appellants; that by ordinance dated July 22, 1922, and pursuant to R. S. art. 2876, it undertook to levy the tax of 60 cents on the $100 valuation on the lands in the city limits as so extended for school purposes only, after the property tax paying voters residing within the limits as so extended had voted in favor of such tax at an election held for that purpose on July 11, 1922.

A temporary injunction to the same purport as that finally contemplated by the pleaders was also sought and from the refusal of the district judge to grant that relief, after a hearing upon the matter, this appeal is prosecuted.

Appellants do not question the fact that the ordinances effecting the extension they complain of were enacted in response to a petition not only signed by more than a majority of the resident qualified voters of the territory thereby taken into the city for school purposes only, but also recommended by a majority vote of the trustees of the public free schools of the city, as R. S. art. 2883, provides, but by written and oral arguments in this court they attack the extension and tax levy mainly on the following grounds:

"(1) Article 2883, R. S. (Acts 1905, c. 124, § 148), is in contravention of article 7, § 3, of the Constitution, in that same authorizes property to be added to an existing school district, and automatically, and without an election by the persons affected, makes their property in the added territory liable for its 'pro rata' part of the existing indebtedness of the district.

"(2) Said chapter 124, Acts 1905, by enumerating the many things to be done by the act, modifies and qualifies the general expressions in the caption or preamble, so that the subject of a city or town such as provided by article 7, § 3, of the Constitution, adding territory as provided in said section 148, is not understood as embraced within the caption.

"(3) Article 2815, R. S., as amended by Acts 1909, c. 12, providing no common school district shall have its territory reduced below nine square miles, controls article 2883, and limits the power of a city council under the latter article, so that a city council of an incorporated city, even upon petition of voters in the territory affected, may not curtail the territory of an adjoining school district to less than nine square miles.

"(4) If the territory from the common school districts was validly annexed to the city of Yoakum, then it lost the character of school district provided by Const. art. 7, § 3, to wit, a city or town having control of the schools within its limits, and became another character

of district, the control and management of which are committed to the board of trustees, and the city council of Yoakum had no authority to order any election for school taxes.

"(5) The election for the tax was void in that it called for the specific rate of tax, there being no authority to submit a specific rate to an election in such district. The authority to submit a specific rate was omitted by the amendment of article 2876. Section 141, Acts 1905, c. 124, by Acts 1917, c. 169, p. 380 (Vernon's Ann. Civ. St. Supp. 1918, art. 2876).

"(6) Said article 2876, under which the election is claimed to have been ordered, was expressly repealed by Acts 1917, c. 169, p. 380, and the attempt to re-enact same in said act was not embraced in the preamble or caption, which provides for the express repeal of said article 2876, and said attempt to re-enact same is therefore void.

"(7) Said election was void because it submitted to the voters the special tax of 60 cents on the $100 to be assessed for the year 1922. No authority exists for submitting to an election the question for levying a tax for one year only, and, if it was intended to levy such tax as is mentioned in article 2876, then the election was void as indicating to the voters the tax would be levied only for one year."

[1, 2] None of these objections, we think, are well taken. The first of them was adversely determined by this court, under a situation not in legal effect making the holding inapplicable, in the recent case of Gerhardt v. Yorktown Independent School District (Tex. Civ. App.) 252 S. W. 197. In addition, a complete answer to it seems to us to inhere in this consideration: A majority of the residents of the added territory here—indeed, about five-sixths of them—by their petition, which our Supreme Court in Graham v. City of Greenville, 67 Tex. 62, 2 S. W. 742, has held was all that was required for the purpose, sought of their own accord to come into the old district. They knew, presumably at least, of its pre-existing debts, and in consequence must be held to have hereby expressed their consent to be taxed accordingly; hence are not entitled to complain because no election to determine whether they should pay their pro rata of them was held.

[3] An examination of the recitations in the caption of chapter 124, Acts of the Twenty-Ninth Legislature of 1905, makes manifest that the subject of section 148 hereof, now R. S. art. 2883, is embraced therein. If the general statement, "An act to provide for a more efficient system of public free schools for the state of Texas," does not sufficiently cover it, clearly the further one, "providing for independent school districts in cities and towns and in towns and villages and independent districts incorporated for school purposes only," does.

[4] The third contention, that R. S. art. 2815, as amended by chapter 12 of Acts 1909, limits the action of the city council under succeeding article 2883, ignores the fact that this first-mentioned statute deals only with county school districts under the jurisdiction of the commissioners' courts, and has no application to those in a city or town that has taken charge of its own schools, with which the latter one alone is concerned. State v. Buchanan, 37 Tex. Civ. App. 325, 83 S. W. 725; Anderson v. Morwood, 24 Tex. Civ. App. 24, 57 S. W. 875; Brewer v. Hall (Tex. Civ. App.) 111 S. W. 788.

[5] We are unable to adopt the conclusion drawn under appellants' fourth proposition. Just how the valid annexation of the new territory to the city for school purposes only could metamorphose the district so merely enlarged into one of another character, subject to a different system of government, does not readily occur. If the situation before was that of a city or town having control of the schools within its limits as then existing, and those limits were lawfully extended, it would be none the less so afterwards. In a school district of that sort R. S. art. 2875, makes it the duty of the city council to submit the question of a tax to a vote of the property tax payers, and no other body is authorized to do so.

[6] The insistence that the election for the 60-cent tax was void because R. S. art. 2876, as amended in 1917, did not authorize a specific rate to be submitted to a vote rests largely upon the view that the word "may" in the following recitation in that article should be read and construed as "must":

"The proposition submitted may be for such a rate of ad valorem tax not exceeding such per cent. as may be voted by a majority vote of all votes cast at any such election."

We regard that sentence in the act as being meaningless and unintelligible. Indeed, some of its other provisions are involved and not entirely clear in meaning, but, taken as a whole, we do not think it should be construed as interdicting the submission of a specific rate; rather it seems to us it should be interpreted as permitting the submission of such a rate as should be deemed necessary, provided of course it did not exceed the maximum prescribed by the Constitution. There neither is nor could reasonably be a contention here that the constitutional limits had been exceeded.

[7] As this 1917 revision of this article, as well as of succeeding ones, expressly authorizes an annual levy, appellants' seventh proposition likewise falls.

[8] The remaining presentment undisposed of, that the re-enactment of article 2876 in 1917 in chapter 169 of the Acts of the Thirty-Fifth Legislature is void because no such purpose or subject appears in the caption thereof, is wholly technical; the history of the matter is simply this: Article 2876, as it existed prior to the act of 1917, was therein expressly repealed entirely, while pre-existing articles 2877, 2878, 2879, and 2880 were

thereby amended and moved up so that they would bear, in their amended form, the numbers 2876, 2877, and 2878, leaving 2880 as the repealing article. The caption of the amendment fully provides for this legislative scheme. See Vernon's Sayles' Statutes, 1918 Supplement, vol. 1, p. 739, and explanatory note.

It follows from what has been said that in our opinion the trial court did not err in refusing the temporary injunction prayed for. The judgment has been affirmed.

Affirmed.