KUHN et al. v. CITY OF YOAKUM et al.*
(No. 8722.)

(Court of Civil Appeals of Texas. Galveston. Nov. 23, 1925. Rehearing Denied Dec. 17, 1925.)

1. Schools and school districts ⬅︎24(2)—Extension of district cannot be attacked by individuals in suit to enjoin tax assessment.

Extension of a school district cannot be attacked by individuals, as violative of Rev. St. 1911, art. 2883, and Const. art. 7, § 3, in action to enjoin enforcement of tax assessment based on the extension, but only by direct proceeding for that purpose in nature of quo warranto instituted by or to which state is a party.

2. Schools and school districts ⬅︎24(2)—Extension of school district cannot be attacked collaterally on ground of defects in supporting petitions.

In action to enjoin assessment and collection of taxes on grounds of invalidity of ordinances extending school district, finding of city council that petitions were signed by majority of resident voters cannot be collaterally attacked.

Appeal from District Court, De Witt County; John M. Green, Judge.

Suit by W. A. Kuhn and others against the City of Yoakum and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

H. W. Wallace, of Cuero, for appellants.
Durell Miller, of Yoakum, and Carothers & Brown, of Houston, for appellees.

GRAVES, J. This cause is at bar for the second time. Formerly it was here on ap-

peal from the refusal below of a temporary injunction. This time it comes in protest against a final judgment of the trial court dismissing the suit of appellants after general and special exceptions to their amended petition had been sustained.

In their present appeal, appellants rely upon the statement of the cause made by this court as before presented to it, and appearing in 257 S. W. 338, as follows:

"W. A. Kuhn and others, who are appellants here, filed in the district court of De Witt county their petition complaining of the city of Yoakum, its assessor and collector of taxes, and the Yoakum independent school district, who are appellees in this court, attacking an extension of the limits of the city of Yoakum for school purposes only, made pursuant to article 2883 of our Revised Statutes, at the same time seeking to permanently enjoin the appellees from enforcing ordinances of the city whereby the limits were so extended, and from levying, assessing, or collecting any taxes for school purposes on the lands taken in by such extension for school purposes only, the property of the petitioners being within the territory so added, but not in the independent school district as theretofore existing; the petition also assailed an ordinance of the city levying a 60-cent tax on the $100 valuation on all property within the limits of the city as so extended, as well as the election by which the tax was authorized.

"Substantially the petition charged that prior to 1915 the city of Yoakum was incorporated under the general laws of this state, and had taken charge of the public free schools within its limits; that in 1915, under what is known as the Home Rule Amendment to the Constitution, it adopted a charter as a city of more than 5,000 inhabitants, still retaining the same control of the public free schools within its limits; that by ordinances dated May 2, 1922, and June 10, 1922, the city undertook to make the above-mentioned extension of its lines for school purposes only, taking in the lands owned by the appellants; that by ordinance dated July 22, 1922, and pursuant to R. S. art. 2876, it undertook to levy the tax of 60 cents on the $100 valuation on the lands in the city limits as so extended for school purposes only, after the property tax paying voters residing within the limits as so extended had voted in favor of such tax at an election held for that purpose on July 11, 1922.

"A temporary injunction to the same purport as that finally contemplated by the pleaders was also sought and from the refusal of the district judge to grant that relief, after a hearing upon the matter, this appeal is prosecuted."

In the interim between the determination of the first appeal and the second trial below, as indicated, the appellants amended their allegations by attacking the annexation of the territory on the additional ground that the petition for the extension "did not in fact contain a majority of the signatures of the taxpaying voters of the territory so sought and coveted by said trustees and council," elaborating this averment by charging fraud, conspiracy, secrecy, and misrepresentation in

---

⬅︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted February 10, 1926.

the matter of procuring signatures thereto. No other material differences appear between the former and the present records upon appeal, and, except in so far, if at all, as they may be changed by these new allegations, the questions the cause presents were all ruled adversely to appellants before. See Kuhn v. City of Yoakum (Tex. Civ. App.) 257 S. W. 337.

We have not only considered the present appeal in the light of this fresh attack upon the validity of the petition for the annexation, but, in deference to the earnest insistence of the able counsel for appellants that our former opinion was wrong, have also carefully reconsidered it.

The propositions now advanced for reversal are as follows:

"(1) The suit is one to enjoin the invasion and injury to property rights, and only incidentally involves the validity of the school district as now claimed to exist. Plaintiffs are not to be denied the right to maintain the action upon the proposition that the school district is a de facto corporation, the validity of which can only be questioned by the state, and which cannot be collaterally attacked by plaintiffs.

"(2) If, as charged by appellants, a majority of the qualified voters resident in the outside territory attempted to be added to the city of Yoakum for school purposes only, did not in fact sign the petition to the city commissioners of Yoakum, then the property of appellants by the attempted annexation, and by the terms of article 2883, R. S., would become responsible for a part of the existing indebtedness of the city of Yoakum schools, without an election by the persons affected, in violation of article 7, section 3, of the Constitution of Texas.

"(3) The subject-matter of section 148, chapter 124, Acts of 1905, to wit, authorizing a city or town having control of the public schools within its limits to add outside territory for school purposes only, is not embraced in the caption of said act, and said section 148, being article 2883, R. S., is therefore unconstitutional and void.

"(4) Article 2815, R. S., limits the power of a city council under article 2883, and it is not permissible for such city council of an incorporated city, upon petition of persons in the territory affected, to reduce the territory of an adjoining school district to less than 9 square miles.

"(5) If the territory from the common school districts was validly annexed to the city of Yoakum, then it lost the character of school district provided by Const. art. 7, § 3, to wit, a city or town having control of the schools within its limits, and became another character of district, the control and management of which are committed to the board of trustees, and the city council of Yoakum had no authority to order any election for school taxes.

"(6) The election for the tax was void in that it called for the specific rate of tax; there being no authority to submit a specific rate to an election in such district. The authority to submit a specific rate was omitted by the amendment of article 2876. Section 141, Act 1905, c. 124, by Acts 1917, c. 169, p. 380 (Vernon's Ann. Civ. St. Supp. 1918, art. 2876).

"(7) Said article 2876, under which the election is claimed to have been ordered, was expressly repealed by Acts 1917, c. 169, p. 380, and the attempt to re-enact same in said act was not embraced in the preamble or caption, which provides for the express repeal of said article 2876, and said attempt to re-enact same is therefore void.

"(8) Said election was void because it submitted to the voters the special tax of 60 cents on the $100 to be assessed for the year 1922. No authority exists for submitting to an election the question for levying a tax for one year only, and, if it was intended to levy such tax as is mentioned in article 2876, then the election was void as indicating to the voters the tax would be levied only for one year.

"(9) The petition states a cause of action, in that it alleges that there was no petition signed by a majority of the resident qualified voters of the territory described in said ordinance, and that the territory in the petition upon which the city commissioners acted was different in a large and material extent from the territory attempted to be annexed by said ordinance of June 10, 1922, and that, as the said ordinance of June 10, 1922, was based upon no petition whatever as required by article 2883, R. S., said annexation ordinance is wholly void."

[1] The first, second, and ninth of these presentments, from different approaches, merely embody one and the same ultimate contention, that is, that the suit in objective and essential nature is not an attack upon the school district as extended, but is one to stop the invasion of and injury to individual property rights, which appellants, notwithstanding the incidental involvement of the validity of the district, are permitted to prosecute under such authorities as Parks v. West, 102 Tex. 11, 111 S. W. 726, and that in doing so they may directly show the annexation ordinance to be wholly void for lack of any supporting petition to the city council at all, or because based upon one not signed by a majority of the taxpaying voters of the territory affected.

To state this position is, we think, to make clear that it not only involves a contradiction in terms, but is unsound. What appellants immediately undertake is to tear down the two ordinances because of these alleged infirmities as to a supporting petition, and thereby prevent their property from being subjected to the authority thereof. The attack upon the present existence of the school district based upon them is therefore made plain, as we think our above-quoted former statement of the gist of the suit also discloses. The amended trial pleading now before us even more clearly demonstrates the same thing. In it appellants not only plead in full the two ordinances they assail, one bearing date May 2, 1922, the other June 10, 1922, attaching copies of them as exhibits to their petition, but also a full statement of the facts attending the calling and result of the election pursuant thereto at which the 60-cent tax for the enlarged district was voted, as

well as those relating to the final ordinance levying the tax, declaring all these successive proceedings to be "utterly null and void" because of the defects referred to.

That such an action, since upon the face of its own pleadings it is shown to be by private individuals only, and thus challenges the existence of the school district and the legality of an extension added thereto under color of proceedings provided by law, cannot be maintained in a suit of this character, but only by a direct proceeding for that purpose in the nature of a quo warranto, either instituted by or to which the state is a party, is well settled. Kuhn v. City of Yoakum (Tex. Civ. App.) 257 S. W. 337; City of Houston v. Little (Tex. Civ. App.) 244 S. W. 255; Ex parte Koen, 58 Tex. Cr. R. 279, 125 S. W. 401; State v. Dunson, 71 Tex. 65, 9 S. W. 103; Cohen v. City of Houston (Tex. Civ. App.) 176 S. W. 809; Cohen v. City of Houston (Tex. Civ. App.) 205 S. W. 757; City of Carthage v. Burton, 51 Tex. Civ. App. 195, 111 S. W. 440; Railway v. Bratcher, 54 Tex. Civ. App. 10, 118 S. W. 1091; Short v. Gouger (Tex. Civ. App.) 130 S. W. 267; Graham v. Greenville, 67 Tex. 62, 2 S. W. 742; El Paso v. Ruckman, 92 Tex. 86, 46 S. W. 25; Parker v. Harris County Drainage District No. 2 (Tex. Civ. App.) 148 S. W. 351; Brennan et al. v. City of Weatherford, 53 Tex. 330, 37 Am. Rep. 758; Crabb v. Celeste Independent School District, 105 Tex. 197, 146 S. W. 528, 39 L. R. A. 601, Ann. Cas. 1915B, 1146; State v. Bradshaw (Tex. Civ. App.) 228 S. W. 658.

[2] While the particular vices now urged against the validity of the two ordinances, as to the one of May 2d that the supporting petition to the city council did not contain a majority of the taxpaying voters, as to the other of June 10th that it had no supporting petition at all—were not presented upon the former appeal, both enactments were attacked upon other grounds. However, since the import of the holding just made is that the sufficiency of the petition for the annexation cannot be questioned at all in a collateral action of this sort, there is no substantive difference between the two appeals in this respect.

Moreover, each of the ordinances contained upon its face this recitation:

"Whereas, a majority of the resident qualified voters of the territory hereinafter described have petitioned the board of commissioners of the city of Yoakum to extend the corporation lines of said city so as to include the said territory within the corporate lines, of the said city of Yoakum for school purposes only, and the board of school trustees of the city of Yoakum have recommended the granting of said petition by a majority vote of said trustees,"

—thereby directly affirming the nonexistence of both these new grounds of attack by appellants. The trial court therefore could not have entertained their suit at all without permitting them to impeach outright the finding of the city council upon a matter committed to its exclusive cognizance. The precise point is ruled against appellants by this court in City of Houston v. Little, supra, writ of error denied, in this declaration:

"Whether the signers to the petition constituted a majority of the taxpaying voters was a matter to be determined by the city council, and their finding thereon, in passing the ordinance, cannot be called in question in a collateral action. Crabb v. Celeste Independent School District (Tex. Civ. App.) 132 S. W. 892, paragraph 3, second column, citing Scarbrough v. Eubank, 93 Tex. 106, 53 S. W. 573. * * * The governing body and proper officials of the city of Houston and its schools having made adjudication as to the existence of certain facts in the formation of said district, the judgment of no individual or of any one short of the state should be allowed to be substituted for that of the governing body of the city."

Each of the remaining six propositions was specifically passed upon before, and no reason sufficient in its opinion has been given upon the rehearing to justify this court in over-turning its former holding upon any of them.

Under the conclusion that the demurrers were properly sustained, the trial court's judgment has been affirmed.

Affirmed.

On Motion for Rehearing.

After a careful consideration of this cause upon rehearing, we are constrained to adhere to our former disposition of it. The controlling question in it was disposed of in the same way by this court in the Tod Case, 258 S. W. 839, which the Supreme Court, through the Commission of Appeals, has just affirmed. See Tod v. City of Houston, 276 S. W. 419.

The motion for rehearing has accordingly been overruled.