## JONES et al. v. CLEMENTS et al.
### No. 12541.

Court of Civil Appeals of Texas. Fort Worth.
July 18, 1931.

Rehearing Denied Sept. 19, 1931.

H. E. Lobdell, of Decatur, for appellant.

John D. McComb, of Jacksboro, for appellees.

CONNER, C. J.

Appellant, on September 25, 1930, instituted this suit in the district court of Wise county and procured a temporary writ of injunction restraining the tax assessor and the tax collector of Wise county from assessing, collecting, or paying over to the proper authorities of the Wizzard Wells consolidated school district, taxes assessed or collected therefor in Wise county.

The consolidated district, in its corporate capacity and name, intervened and made the plaintiff, the assessor, the collector, the school authorities, by name, parties defendant, and alleged, in substance, that in due time, manner, and form, common school district No. 44 of Jack county had been consolidated with the contiguous common school district No. 68 of Wise county. As alleged, the consolidation was by virtue of and in strict accord with section 5a, chapter 84, of the Acts of the First Called Session of the 40th Legislature of Texas (Vernon's Ann. Civ. St. art. 2742b, § 5a); the various steps by the various authorities required by the terms of the act being set forth in clear detail in a lengthy petition. It was particularly alleged that the school authorities named in the act had in due time and form, and upon petitions signed by the requisite number of qualified persons, ordered elections for the purpose that were simultaneously held in the several districts named, and which resulted in favor of the consolidation by unanimous vote, and that the intervening petitioners, who were named, were thereafter duly installed as trustees of the consolidated district, and as such entered into and were performing the functions of such office. The prayer was that plaintiff's temporary writ of injunction be dissolved, and defendants restrained from further intervening.

In a trial before the court without a jury judgment was rendered in accord with the prayer of the interveners' petition, and the plaintiff Gomer C. Jones has prosecuted this appeal.

The relevant portion of the act under which the interveners alleged that the consolidation was effected, reads as follows: "Whenever a majority of the legally qualified property taxpaying voters residing in two or more contiguous Common School Districts lying in two or more Counties desire to consolidate said contiguous Common School Districts for school purpose only, they may do so by a petition signed by twenty or more of the qualified taxpaying voters in each Common School District, presented to the County Board of School Trustees of the County in which the Common School District is situated."

Appellant's sole ground of attack on the validity of the consolidated district is that the petition which was presented to the Wise county board of trustees praying for the election was not signed by the required number of taxpaying voters of the district. No assignments of error were filed in the court below as required by the statute, nor is the transcript accompanied by a statement of facts, and it was conceded by counsel of appellant on the submission of the appeal that unless the proceedings involved were absolutely void on the ground asserted that appellant has no standing in court. We therefore address ourselves to a disposition of that question.

■ It is to be noted in the beginning that the interveners in express terms alleged that the petitions for the election were duly signed by the requisite number of taxpaying voters in the common school districts in question, and the judgment, in the absence of a state-

ment of facts, establishes those allegations by necessary implication. But if this be not so, as seems to be insisted, it is to be further noted that appellant in his petition for the injunction fails to show that he is either a patron or taxpaying voter in either of the common school districts involved, and that his attack on the consolidated district is a collateral one. Nor does he complain that the law under which the consolidation was effected is invalid.

In Kuhn v. City of Yoakum (Tex. Com. App.) 6 S.W.(2d) 91, an extension of an independent school district was questioned. It was held that the attack could only be by a direct suit in the nature of a quo warranto by the state or by a proceeding in which the state was a party.

In Dyer v. Consolidated School District No. 5 (Tex. Civ. App.) 22 S.W.(2d) 712, it is said: "There being a valid statute under which the election was ordered and conducted, and the only complaint being that the officers acting under the valid statute failed to comply therewith, it is the well-settled law of this state that appellants have not the right to maintain a suit challenging the validity of the district."

In the case of Floydada I. S. D. v. Shipley (Tex. Civ. App.) 238 S. W. 1026, 1029, private individuals sought to enjoin taxes on their property, on the ground that the district has been illegally created. The court there said: "If the district was illegally constituted, the state alone can take advantage of the fact in a proper proceeding for that purpose. * * * It was for all practical purposes treated as a de facto portion of the incorporated district. We think the rule requiring the state alone by a direct proceeding, instituted for that purpose, will apply; that appellee will not be permitted by injunction to restrain the collection of taxes and to assail the incorporation of the school district, in this indirect manner."

In El Paso v. Ruckman, 92 Tex. 86, 46 S. W. 25, 26, Chief Justice Gaines said: "The rule is well established that when the creation of a public corporation—municipal or quasi municipal—is authorized by statute, and a corporation has been organized under the color of such authority, its corporate existence cannot be inquired into by the courts in a collateral proceeding," by a taxpayer defending a tax suit.

█ What has already been said conclusively answers, we think, appellant's further contention that the court erred in refusing to admit "offered proof" that less than the required number of qualified voters had signed 'the petition for the election ordered by the court board of Wise county. But in deference to the insistence of counsel upon the submission of the appeal, we venture to 'call attention to the fact, before stated, that that issue was distinctly presented in the petition of the in-

terveners and determined in their favor, and in the absence of a statement of facts it cannot, in any event, be said that the court's ruling constitutes such prejudicial error as to require a reversal of the judgment. This is particularly true in view of the fact that appellant's bill of exception fails to set out the evidence, if any, that was offered. The bill merely recites that appellant "offered to prove" that there was an insufficient number of legal signers. There is a clear distinction between "proof" and "evidence." The "proof" is the conclusion drawn from the evidence, and the court may have concluded that the evidence offered, if any, was not competent and receivable, not only on the ground that appellant, a private person, could not so invalidate the corporate capacity of the consolidated district, but also on the ground that the recitation in the order of the county board of school trustees of Wise county, which was set forth in the petition of the interveners, could not be so impeached and was conclusive in the absence of allegations and evidence of fraud or mistake on the part of the board, and there were no such allegations or evidence offered. The recitation in the order of the county board of the Wise county trustees above referred to was that there was the "requisite number of signatures of resident, qualified voters of said district, and being in every respect in conformity with law." The court of Civil Appeals of Galveston in the case of City of Houston v. Little, 244 S. W. 247, 255, writ of error refused, in disposing of an ordinance enlarging a school district by annexing territory outside the city limits which was attacked on the ground that the petition upon which the ordinance was based did not contain the names of a majority of the resident qualified voters of the common school district, had this to say: "The governing body and proper officials of the city of Houston and its schools having made adjudication as to the existence of certain facts in the formation of said district, the judgment of no individual or of any one short of the state should be allowed to be substituted for that of the governing body of the city," citing many cases.

In the case of Ex parte Koen, 58 Tex. Cr. R. 279, 125 S. W. 401, 402, a county attorney had been permitted to show that of the 28 signers to the petition for an election and incorporation, some 20 were not qualified electors as required by article 580, c. 11, Rev. Statutes of 1895. The court held that it was error to admit the evidence, using the following language: "Under all the authorities, when there is a tribunal created by law to pass upon any given state of facts, the findings or conclusions of this tribunal cannot be questioned collaterally, and the remedy, if any exists, is by quo warranto to annul and set aside the incorporation."

We conclude that the judgment should be affirmed, and it is so ordered.