**KUHN et al. v. CITY OF YOAKUM et al.**
**(No. 885–4544.)**

Commission of Appeals of Texas, Section B.
May 16, 1928.

Schools and school districts ⚖︎24(2)—Extension of school district can only be attacked by direct suit in nature of quo warranto, in which state is party (Rev. St. 1911, art. 2883).

Extension of independent school district, made under Rev. St. 1911, art. 2883, can only be attacked by a direct suit in the nature of quo warranto by the state or by a proceeding in which state is a party, and district being possessed of power to annex territory in question by complying with statute, mere illegal exercise thereof did not render its act void so as to subject it to collateral attack in action to enjoin enforcement of tax assessment based on extension.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by W. A. Kuhn and others against the City of Yoakum and others. Judgment for defendants was affirmed by the Court of Civil Appeals (279 S. W. 872), and plaintiffs bring error. Affirmed.

H. W. Wallace, of Cuero, for plaintiffs in error.

Carothers & Brown, of Houston, and Durell Miller, of Yoakum, for defendants in error.

LEDDY, J. Plaintiffs in error brought this suit against the city of Yoakum, its assessor and collector of taxes, and the Yoakum independent school district, attacking the legality of an extension of the limits of the city of Yoakum for school purposes only, made pursuant to the provisions of article 2883, Revised Statutes 1911. It was sought to permanently enjoin the city from enforcing the ordinances whereby the limits were so extended, and from levying, assessing, or collecting taxes for school purposes on the lands belonging to plaintiffs in error which were situated within the limits of such extension.

Upon hearing, the trial court refused to grant the temporary injunction prayed for, and upon appeal that judgment was affirmed by the Court of Civil Appeals for the First District. The allegations of the petition are fully set forth by that court (257 S. W. 338) and need not be repeated here.

After this appeal, and before the second trial in the court below, plaintiffs in error amended their petition by adding an additional ground of attack upon the annexation of the lands to said district, such allegation being that the petition for the extension "did not in fact contain a majority of the signatures of the taxpaying voters of the territory so sought and coveted by said trustees and council," the averment being made that fraud, conspiracy, secrecy, and misrepresentations were used in the matter of procuring signatures to such petition. On a final hearing plaintiffs in error were denied relief by the court sustaining general demurrer to their petition. From this judgment appeal was again taken, and the same was affirmed by the Court of Civil Appeals (279 S. W. 872).

Each of the ordinances whose validity are challenged contain the following recitation:

"Whereas, a majority of the resident qualified voters of the territory hereinafter described have petitioned the board of commissioners of the city of Yoakum to extend the corporation lines of said city so as to include the said territory within the corporate lines of the said city of Yoakum for school purposes only, and the board of school trustees of the city of Yoakum have recommended the granting of said petition by a majority vote of said trustees."

The rule has not been deviated from in this state that the validity of an extension of territory of a city or school district can only be attacked by a direct suit in the nature of a quo warranto by the state, or in a proceeding in which the state is a party. Crabb v. Celeste Independent School District, 105 Tex. 197, 146 S. W. 528, 39 L. R. A. (N. S.) 601, Ann. Cas. 1915B, 1146; Brennan et al. v. City of Wetherford, 53 Tex. 330, 37 Am. Rep. 758; El Paso v. Ruckman, 92 Tex. 86, 46 S. W. 25; Graham v. Greenville, 67 Tex. 62, 2 S. W. 742; Kuhn v. City of Yoakum (Tex. Civ. App.) 257 S. W. 337; City of Houston v. Little (Tex. Civ. App.) 244 S. W. 255; Ex parte Koen, 58 Tex. Cr. R. 279, 125 S. W. 401; State v. Dunson, 71 Tex. 65, 9 S. W. 103; Cohen v. City of Houston (Tex. Civ. App.) 176 S. W. 809; Cohen v. City of Houston (Tex. Civ. App.) 205 S. W. 757; City of Carthage v. Burton, 51 Tex. Civ. App. 195, 111 S. W. 440; Railway v. Bratcher, 54 Tex. Civ. App. 10, 118 S. W. 1091; Short v. Gouger (Tex. Civ. App.) 130 S. W. 267; Parker v. Harris County Drainage District, No. 2 (Tex. Civ. App.) 148 S. W. 351; State v. Bradshaw (Tex. Civ. App.) 228 S. W. 658.

Plaintiffs in error seek to avoid the operation of this well-settled rule by the contention that the action brought by them is not an attack upon the school district as extended, but is one to prevent the invasion of private property rights, the assertion being made that the validity of the district is only incidentally involved. It is sought to bring this case within the rule announced by our Supreme Court in Parks v. West, 102 Tex. 11, 111 S. W. 726. The distinction between this case and the doctrine laid down in the Parks Case is obvious. There the district had no legal existence not even being a de facto one under the Constitution. Here it is not claimed that the independent school district of the city of Yoakum was not a valid corporate entity clothed with full and complete power to annex the territory involved. It is simply

asserted that it has failed to comply with the law governing the annexation of such territory. In the Parks Case the district which attempted to levy a tax against the complaining property owners was without legal power to act in the premises. Its action was therefore wholly void and subject to collateral attack.

The City of Yoakum independent school district being possessed of power to annex the territory in question by a compliance with the statutory provisions in reference thereto, a mere irregular exercise thereof did not render its act void, so as to subject the same to collateral attack. Scarbrough v. Eubank, 93 Tex. 106, 53 S. W. 573; Crabb v. Celeste Ind. School Dist., 105 Tex. 197, 146 S. W. 528, 39 L. R. A. (N. S.) 601, Ann. Cas. 1915B, 1146.

A sound public policy demands that the validity of territorial extensions made by cities and school districts shall not be subject to attacks by private citizens. The judgment rendered in such proceeding would only be binding as to those who were parties thereto. As a result, numerous and successive suits might be brought by various property holders. In many instances the validity of the annexation of territory would be dependent upon an issue of fact. In a suit by one property taxpayer it might be held that the annexation of territory was valid, while in another suit it might be determined the same was invalid. Under such circumstances, the anomalous situation would exist of the district lawfully collecting taxes from a portion of the property taxpayers, while being legally denied the right to collect any taxes from others. For this reason, the policy of the law requires that the validity of such districts be adjudicated by a quo warranto proceeding brought by the state, or to which it is a party, in order that the judgment rendered therein shall once for all settle the validity of the district in behalf of all the property holders to be affected thereby. A judgment so rendered is determinative and binding upon all.

It clearly appearing from plaintiffs in error's petition that the suit was an effort by collateral attack to challenge the validity of the proceedings by which the territorial extension was made, the trial court properly sustained the general demurrer urged thereto.

The other questions raised by plaintiffs in error were fully discussed, and in our opinion correctly determined, by the Court of Civil Appeals on the first appeal.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.