STUARD v. VICK. (No. 462.)

Court of Civil Appeals of Texas. Eastland. July 6, 1928.

Rehearing Denied Oct. 12, 1928.

Cox & Hayden and Frank E. Smith, all of Abilene, for appellant.

Preston Martin, of Weatherford, and Cunningham & Oliver, John M. Blanton, and Oliver Cunningham, all of Abilene, for appellee.

HICKMAN, C. J. ▉ The appellee, R. A. Vick, as administrator of the estate of J. B. Stuard, deceased, brought this suit against Candis Roberta Stuard, surviving widow of J. B. Stuard, for the purpose of canceling a deed to certain real estate, executed by J. B. Stuard to appellant on August 18, 1926. One of the grounds relied on by appellee for a cancellation of the deed was the mental incapacity of J. B. Stuard to execute a valid conveyance. That issue was submitted to the jury, but the jury found that J. B. Stuard had the mental capacity and ability to understand the nature and effect of his action and to exercise his will in relation thereto at the time he executed said deed. No notice need therefore be taken of that ground for cancellation alleged by appellee in his petition.

▉ Another ground relied upon by appellee in his petition for the cancellation of the deed was that there was no delivery thereof to appellant, either actually or constructively. The evidence did not raise an issue of fact on this ground, and no issue was submitted to the jury thereon. We shall therefore take no further notice of the question of delivery.

The judgment of the trial court canceling the deed rests upon the following special issues and the answers thereto:

"Special Issue No. 2. As a consideration for the execution by J. B. Stuard of the deed of date August 18, 1926, did the defendant promise J. B. Stuard to live with him as his wife and wait upon him and nurse him when sick until his death? Answer yes or no. Answer: 'Yes.'

"Special Issue No. 3. If you answer special issue No. 2 in the affirmative or 'yes,' then answer: Were such promises the main consideration for the execution by J. B. Stuard of said deed? Answer yes or no. Answer: 'Yes.'

"If you answer special issue No. 2 in the affirmative or 'yes,' then answer special issue No. 4: Did the defendant intend to keep said promises at the time they were made? Answer yes or no. Answer: 'No.'"

The controlling question for our determination is whether the pleadings of appellee and the verdict of the jury in answer to the three special issues above copied support the judgment rendered. Appellee has many objections to the consideration of appellant's brief, and it is earnestly insisted that the assignments briefed do not present any question of the sufficiency of the pleadings. We need not discuss these various questions, because, as was recently held by this court in the case of Sivalls Motor Co. v. Chastain, 5 S.W.(2d) 185, a judgment must have support in the pleadings, and an error in rendering a judgment unsupported by the pleadings is fundamental. We shall therefore dispose of this appeal on one fundamental question.

The only paragraph in appellee's petition in which any support is found for the issues above copied is paragraph (c) thereof, which reads as follows:

"Plaintiff shows to the court that while said deed on its face expressed a consideration of $10, together with love and affection, said recitals in said deed do not express all of the consideration for the making of said deed; that in addition thereto and as a part of the consideration therefor, the defendant agreed with the deceased to live with him as his wife, to bestow upon him all the conjugal affection and society incident to married life, to care for him and wait upon and nurse him when sick, and otherwise care for him during his sickness and his diseased condition and until his death. That the deceased at the time of and prior to the execution of the deed, and thereafter until his death, was sick and diseased in body and in mind, was separated from his first wife, and his insane delusions caused him to despise and hate his children, and his condition was such that he was in great need of the care, succor, support, and attention of a faithful and loving wife, and therefore this condition of the deceased was such as to make the aforesaid promises and agreements of the defendant a valuable and sufficient consideration, and the main consideration, for the execution by the deceased of said deed. That the deceased, relying upon and believing defendant's representations and feigned affection and love, did execute the deed aforesaid, but plaintiff shows to the court that as soon as she had obtained the execution of the deed aforesaid by the false promises, affection, and

representations aforesaid, she began a course of cruel and unnatural treatment of the deceased for the purpose of alienating his affections; she .ceased her caresses and feigned affection and refused to wait upon, care for, or administer to any of his wants, she refused to live with him as man and wife, separated from him and permanently left his bed and board, and sued him for a divorce, and instead of extending to him in his dying sickness the care of a dutiful wife, she refused to go to the house where he was sick and suffered him to die and be buried without so much as looking upon him during his last sickness, and suffered him to be buried without looking upon his body. That during his last sickness he was harassed and troubled, and his maladies, both mental and physical, were made worse by the suit for divorce which she instituted against him. That she waited to bring the suit for a divorce until his advanced sickness was such that he could not bring a suit himself to cancel said deed; but the deceased desired to bring said suit, and took steps in that direction, but died before he had an opportunity to do so."

As we construe this pleading, the only ground therein stated for the cancellation of the deed is failure of consideration. It is well settled by the decisions in our state that mere failure by a grantee to perform a promise, which formed the whole or a part of the consideration inducing an executed conveyance of real estate, gives rise to no right of rescission in the grantor. The authorities on this question are cited and discussed in a recent opinion by this court in the case of Tripplehorn v. Ladd-Hannon Oil Corporation, 8 S. W.(2d) 217. It would serve no useful purpose for us again to discuss this question or cite the authorities in support thereof.

In the instant case the learned trial judge, knowing that an absolute deed could not be canceled for failure of consideration, submitted to the jury special issue No. 4, above copied, calling upon the jury to answer whether or not appellant intended to keep her promises at the time she made them. The authorities cited in the case of Tripplehorn v. Ladd-Hannon Oil Corporation, supra, clearly announce the rule that, if the promises of the grantee inducing the execution of a deed were fraudulently made for the purpose of deceiving the grantor, with no present intention on the part of the grantee to perform the promises when they were made, and if the grantor had no knowledge at the time that the grantee had no intention of performing the promises, but believed and relied upon such promises, and was induced thereby to execute the deed to his injury, such deed may be canceled for the fraud of the grantee in its procurement. One of the essential elements of fraud based upon promises to be performed in the future is that the promisor had no intention to perform the promises at the time they were made. The petition in this case contains no such allegations. In the case of Winkler v. Creekmore, 256 S. W. 257, it was held, in an opinion by the Commission of Appeals, that there was no allegation of fraud inducing the contract in the following:

"Defendant further shows to the court that plaintiff knew, at the time said representations were made, that plaintiff and those associated with him would not drill a second well unless said first well produced oil in paying quantities, but wholly failed to so state to this defendant, and said representation was made and said guaranty was made for the purpose of inducing this defendant to enter into said contract, and but for same would not have executed and delivered to plaintiff herein the note sued on."

The allegations in that case were much stronger on the question of fraud than those contained in appellee's petition in the instant case. But it is insisted that every reasonable intendment should be indulged in support of the sufficiency of the petition. As against a general demurrer courts do indulge every reasonable intendment in support of the sufficiency of a petition, but even that liberal rule cannot make of appellee's petition in this case one for the cancellation of the deed for fraud. Besides, we would not be authorized to indulge in any presumptions or intendments in aid of appellee's petition, because it clearly appears from the petition itself that appellee did not intend to plead fraud. The concluding paragraph of appellee's petition contains a summary of the specific grounds upon which a cancellation of the deed was sought, in this language:

"Wherefore, plaintiff alleges that by reason of the unsound condition of the deceased's mind as aforesaid, and the undue influence aforesaid and the failure of consideration aforesaid and the failure to deliver the deed aforesaid, taken jointly and severally, are such grounds to entitle the plaintiff to a cancellation of said deed."

This summary by appellee clearly discloses that, by the paragraph of his petition copied above in this opinion, he undertook to plead only the failure of consideration as a ground for the cancellation of the deed. It is our opinion that he pleaded no more than failure of consideration.

The judgment of the trial court has no proper support in the pleadings, and same will therefore be reversed and the cause remanded.

FUNDERBURK, J., did not participate in this decision.

### On Rehearing.

HICKMAN, C. J. Three grounds are contained in the motion for rehearing, which will be noticed in order. The first ground presents that we erred in holding that—

"The controlling question for our determination is whether the pleading of appellee and the verdict of the jury, in answer to the three special issues above copied, support the judgment rendered."

The second and third grounds present that paragraph (b) of the petition, which was not copied in our original opinion pleaded fraud as a ground for the cancellation of the deed.

It is contended in support of the first ground for rehearing that the petition was sufficient to support the special issues answered by the jury on the question of fraud and to support the judgment rendered in favor of appellee on the jury's answers to those issues. We can add but little to our original opinion on this question. We have again carefully reviewed the entire petition and are unable to find therein in the paragraph quoted in the original petition, or elsewhere, any allegation which by reasonable construction could be said to plead, as a ground for the cancellation of the deed, that appellant did not intend to live with the deceased as his wife and wait upon him and nurse him when sick until his death, at the time she made the alleged promises. The deed was canceled by the lower court on a finding by the jury that appellant did not intend to keep those particular promises when she made them. We find abundant pleading of the fact that she pretended to love him and was false in such pretensions, but to our minds the allegation that her love was feigned was not at all an allegation that she had no intention to wait upon the deceased and nurse him when sick at the time she promised so to do. She might have been willing, in consideration of a deed to this valuable property, to live with him as his wife and wait upon him and nurse him when sick until his death, and at the same time be wholly insincere in her professions of love and affection.

The second and third grounds in the motion for rehearing can best be discussed by a consideration of the allegations of paragraph (b) of the petition, which allegations are as follows:

"(b) That before, at the time of, and after, the execution of said deed to the defendant, she was a sound and healthy woman, with a strong and vigorous body and mind; and in this condition she observed the mental and physical infirmities and delusions, and mental weakness of the deceased, J. B. Stuard, as aforesaid, and began prior to the execution of said deed a course of feigned affection for him, representing to him that she loved him and desired to care for him and protect him during his sickness and delusion and caused him to believe that her love to him was great and that his delusions with reference to his children were in fact true; and by such course of conduct she increased his hatred and ill will towards his children and preyed upon his weak and diseased body and mind to the extent that she created in his mind a desire to marry her, and by such feigned and unnatural course on her part, taking advantage of his delusions and weak mentality, she induced him to marry her, and he did in fact marry her; and after the marriage she feigned affection for him and love for him, and consoled and caressed him in regard to his delusions and business and financial troubles, most of which were imaginary. That knowing his state of mental delusions, she conceived the idea of persuading him to make the deed described aforesaid, and for that purpose she appealed to his hatred of his children by reason of the delusions aforesaid, and in that way and in other ways unknown to this plaintiff she caused him to separate from and live aloof from his children, to the end that she might the more readily and easily accomplish her desire in persuading him to execute the deed aforesaid, and that continuing her deceptive course and feigned affection and love for him, she kept him away from the counsel and advice of his children and kept him almost continuously under her domination and will power until she finally succeeded in persuading him to make the deed hereinbefore set out; that while she had him thus under her domination and control, and separated from the advice and counsel of his children, she caused him to make one or more other deeds to certain portions of his real estate in which he conveyed merely a life estate, which deeds she refused to accept, and continued the wiles and deception and feigned love and affection for him until she finally succeeded in persuading him to execute the deed herein mentioned. Plaintiff says that said deed should be canceled because of undue influence, misrepresentations and fraud aforesaid."

We construe this pleading just as appellee construed it in the petition in which it is contained, as shown in our opinion, and as he construes it in his motion for rehearing, namely, as a pleading of undue influence exerted by appellant upon her husband, causing him to execute the deed. This is a species of fraud. We find ourselves in agreement with appellee's contention regarding this pleading, and have never expressed a contrary view, but that question was not before us for decision in our original opinion for the reason that no issue was submitted to the jury on the question of fraud through undue influence. It is well established by the authorities that appellee waived this ground for a cancellation of the deed by making no request to have same submitted to the jury. Kirby Lumber Co. v. Conn, 114 Tex. 104, 263 S. W. 902; Ormsby v. Ratcliffe (Tex. Supp.) 1 S.W.(2d) 1084.

The particular fraud which the jury found to exist was entirely independent of undue influence and of any confidential relations existing between the parties to the deed. The sole ground upon which the judgment of cancellation was entered was the finding that appellant did not intend to live with her husband as his wife and wait upon him and nurse him when sick until his death at the time she promised so to do. That particular fraud, in our opinion, was not pleaded, and cannot therefore be the basis of the judgment of cancellation. Fraud by undue influence cannot be the basis of the judgment because, as stated, that issue was waived.

The motion for rehearing will be overruled.