**IVEY et al. v. KEELING et al.**   (No. 553.)

Court of Civil Appeals of Texas.   Eastland.
March 8, 1929.

Rehearing Denied April 12, 1929.

Cox & Hayden, of Abiline, for appellants.
Stinson, Hair, Brooks & Duke, of Abilene, for appellees.

HICKMAN, C. J. Appellants will be referred to as plaintiffs and appellees as defendants. The appeal is from an order of the trial court sustaining a general demurrer to plaintiffs' petition and dismissing the case. The plaintiffs are a large number of individuals. The defendants are the trustees of what is designated in the petition as "The Purported High School District, known as Ovala Rural High School District No. 19" in Taylor county, and the county board of school trustees of said county. The action was brought for the purpose of enjoining the defendants from issuing and selling certain bonds theretofore voted in said rural high school district, and from levying any tax upon the property of the plaintiffs in connection with said bond issue, or any other issue. The petition further sought to have declared void certain orders of the county board of school trustees creating the said rural high school district, to dissolve said district, and to restore to common school districts Nos. 22 and 18 all of their powers as such common school districts. No allegation is made that an appeal had been prosecuted to the state superintendent and board of education. The same case in another form has once before been before this court. See Stinson et al. v. Graham et al., 286 S. W. 264 (writ of error refused). The only material difference between the case now before us and that which was considered on the former appeal is that the petition in the instant case alleges that:

"Defendants herein have caused an election to be held in said purported rural high school district for the issuance of bonds in the sum of Thirty Thousand ($30,000.00) dollars, and such election was held in said purported rural school district on the 11th day of August, 1927, and by the returns from said election the defendants claim that said election carried, and that a majority of the voters who participated in said election voted for the issuance of the said bonds and for the sale of said bonds, and for the levy of a tax for the upkeep and maintenance of the same, and defendants are now making their plans to issue said bonds and negotiate the sale thereof, and will do so unless restrained from so doing, and if defendants should be permitted to issue and sell said bonds that the same will become a burden upon these plaintiffs and upon their property, and upon all of the tax-payers owning property which is taxable in said purported rural high school district."

It will be noticed that in the former appeal of this case it was held, in effect, that no question was presented for review, because no election for the issuance of bonds had been called and no special tax had been levied, and the court could not presume that such election would be ordered and result favorably to an issuance of bonds. The opinion in that case, however, which was written by our then Chief Justice Pannill, went further, and discussed the merits of plaintiff's contention, recognizing, however, that such

**1098**

discussion was in a measure dictum. We agree with plaintiffs that, in so far as that opinion disposed of questions not necessarily involved in that appeal, it would not be binding upon us at this time, but we agree with that opinion, and that portion thereof which might be regarded as dictum in that case would not be dictum in the case before us at this time. We therefore adopt that opinion and the reasons therein assigned, and hold that articles 2922a to 2922*l*, Vernon's Annotated Texas Statutes 1925, are not violative of the Constitution of the state of Texas or of the Constitution of the United States, and that this case is clearly distinguishable, as pointed out in the former opinion of this court, from Browning v. Hooper, 269 U. S. 396, 46 S. Ct. 141, 70 L. Ed. 330.

██ We are also of the opinion that, since the power to create this rural high school district was clearly conferred upon the county board of school trustees by the Statutes above named, the effect of this suit is to attack collaterally the acts of the county board of trustees in creating the district on the ground that they acted arbitrarily and did not exercise sound discretion in creating same. Such action can be maintained only in the form of a quo warranto. Kuhn et al. v. City of Yoakum et al. (Tex. Com. App.) 6 S.W.(2d) 91, and authorities there cited.

We are further of the opinion that, conceding plaintiffs' right to maintain this suit, the allegations are insufficient to charge the county board of school trustees with fraudulent and arbitrary acts in the premises. Facts constituting fraud must be alleged, and it is not sufficient merely to charge fraud without stating facts amounting thereto. Stuard v. Vick (Tex. Civ. App.) 9 S.W.(2d) 494.

We think the trial court properly sustained the general demurrer, and the judgment will therefore be affirmed.

### On Motion for Rehearing.

Among other errors assigned in their motion for rehearing, appellants assign error in our original opinion in the holding that, conceding their right to maintain their suit, the allegations of their petition were insufficient to state a cause of action.

This statement in our original opinion was not necessary to the decision, but was an additional reason for affirmance added to the opinion. We are still impressed that the allegations were insufficient; but, since that holding was really unnecessary, it is withdrawn, and the decision will be based solely upon the other grounds set forth in the opinion.

The motion for rehearing has been carefully considered, but, as we are still of the opinion that our original holding was correct, the motion is overruled.