## YOUNG COUNTY BOARD OF SCHOOL TRUSTEES v. BAILEY et al.

### No. 12809.

Court of Civil Appeals of Texas. Fort Worth.

March 25, 1933.

Rehearing Denied April 22, 1933.

E. G. Thornton, of Olney, and Fred T. Arnold, of Graham, for appellant.

Marshall & King, of Graham, and W. E. Fitzgerald, of Wichita Falls, for appellees.

CONNER, Chief Justice.

This appeal is from a judgment of the district court of Young county setting aside an order of the board of trustees of the Olney independent school district annexing the Orth common school district for high school purposes. The several districts have the statutory requirements of territory and scholastic population. The suit in the district court was instituted by W. F. Bailey, one of the trustees of the Orth common school district, joined by several individuals and patrons of the school therein. The order was attacked in the district court on a number of grounds, including (a) alleged fraud on the part of the trustees of the Olney independent school district and J. P. Lowe and E. J. Larimore, trustees of the Orth common school district, upon whose petition the consolidation was made; (b) that Lowe and Larimore had abused their discretion as trustees in signing the petition and presenting the same to annex the Orth common school district; (c) that the county board of school trustees abused its discretion in entering the order of annexation; (d) that it was not for the best interest of the children residing in the Orth common school district that the annexation be made as was done. To these objections has been added by cross-assignments of error filed in behalf of appellees the objection that article 2922a, Rev. Civ. Statutes, and its allied articles are unconstitutional, in that the same deny the patrons and taxpayers of Orth common school district of the right to be heard before a duly constituted tribunal; that articles 2922h and 2922l are unconstitutional; and that the trial court erred in refusing to hold that the annexation of the Orth common school district to the Olney independent school district as made by the county board of school trustees was in violation of article 14, § 1, of the Constitution of the United States.

The case was submitted to a jury on special issues, to which the jury answered that Larimore and Lowe (1) "abused their discretion as trustees in signing the petition and presenting the same to annex the Orth Common School District No. 56 to the Olney Independent School District for high school purposes"; (2) that the board of school trustees of Young County "abused its discretion in entering the order of consolidation"; and (3) that it was not for the best interest of the children residing in Orth common school district No. 56 that the annexation of said district be made to Olney Independent School District.

█ Article 2922a of the statutes, so far as we think necessary to set forth at this point,

reads: "In each organized county in this State and in any county which shall hereafter be organized, the county board of school trustees shall have the authority to form one or more rural high school districts, by grouping contiguous common school districts having less than four hundred scholastic population and independent school districts having less than one hundred and fifty scholastic population, for the purpose of establishing and operating rural high schools."

We think it unnecessary to discuss the constitutionality of this statute in view of the reasoning and conclusions which support it in the following cases: Henderson v. Miller (Tex. Civ. App.) 286 S. W. 501; Stinson v. Graham (Tex. Civ. App.) 286 S. W. 264; Ivey v. Keeling (Tex. Civ. App.) 15 S.W.(2d) 1097; Id., 281 U. S. 699, 50 S. Ct. 352, 74 L. Ed. 1126; Terrell v. Clifton Independent School Dist. (Tex. Civ. App.) 5 S.W.(2d) 808; Smiley v. City of Graham (Tex. Civ. App.) 37 S.W.(2d) 829. Such conclusion, we think, is not affected by an amendatory act of the article quoted, passed during the first called session of the Fortieth Legislature—approved June 8, 1927. See General & Special Laws of First Called Session of the 40th Legislature, p. 206, c. 78 (Vernon's Ann. Civ. St. art. 2922a).

We note that no issue of fraud was submitted or requested, nor is it pretended that there is any evidence of fraud on the part of the trustees of the board of trustees of the Olney independent school district in granting the application. So that it only remains to determine whether the findings of the jury above set out support the judgment rendered.

As already noted, the evidence fully supports all territorial and scholastic requirements of the statute. It further shows that an election for a bond issue had been held in the Orth common school district to determine whether bonds should be issued for supplying a new school house; that the trustees Lowe and Larimore were in favor of the bond issue, but that Bailey was opposed, with the result that the movement for the bond issue was defeated; that Lowe, Larimore, and Bailey were the duly elected and qualified and acting trustees of the Orth common school district for the year 1931; that Fred T. Arnold, as chairman, and others as trustees composed the county board of trustees for Young county; that on September 23, 1931, Lowe and Larimore, as a majority of the trustees of the Orth common school district, filed with the Young county board of trustees a petition asking that the Orth common school district be consolidated with the Olney independent school district for high school purposes only in the manner provided for in article 2922a of the statutes; that Bailey as trustee was notified in person of the time and place of the meeting of the board of trustees of the Olney independent school district for the purpose of acting on the Lowe and Larimore application, and that Bailey failed to appear.

The president of the county board of school trustees testified that he had been such president about two years, and had served a prior term of about four years at the county seat, Graham, and had made a study of the school conditions generally, and was familiar with the Orth common school district and the Olney independent school district prior to September, 1931; that in considering and passing on the application for consolidation for high school purposes he had used the knowledge that he had of those two districts, and as a member of the board used what he considered his best discretion for the best interest of the schools and school children; that no one at any time perpetrated any fraud on him or influenced him in any way or promised him any thing in any way that prompted his action in passing upon the matter.

Nor are we pointed to any evidence that in our judgment supports a contention that any other member of the board of trustees was influenced by any corrupt motive, or undue influence, to act otherwise than as prompted by an honest desire to comply with the wishes of a majority of the trustees of the Orth district and to promote the interest and benefit of the scholastic population therein.

It further appears without dispute that, after an application of the appellees to the Olney board of trustees to set aside the consolidation order had been refused, they prosecuted an appeal to the state superintendent of public instruction. From his order approving the action of the board of trustees of the Olney district, appellees took a further appeal to the state board of education, which likewise refused to disturb the original order of consolidation. Our attention has not been directed to any evidence whatever that the state officers referred to failed in any respect to so act and determine because of any undue influence, improper motive, or want of effort to become duly informed and to express an impartial and just conclusion. Under such circumstances, it seems clear to us that the verdict of a jury in a trial court, even when approved by the trial judge, ought not to be substituted for the discretion and untainted determination of the officers and state agencies upon which the lawmaking power has especially imposed the prescribed duties in educational matters for the purpose of promoting the educational policies of the state and the interests of its scholastic population. We think the evidence wholly insufficient to support a finding of any legal fraud, arbitrary action, or want of discretion detrimental to the interest of the school children in the Orth school district on the part of the board of trustees of the Olney independent school district and the state superintendent and board of education. Such conclusions, we think,

**132**

are abundantly supported by the following cases relating to the subject: Bell v. Kirkland (Tex. Civ. App.) 41 S.W.(2d) 443; Canon v. Rasbury (Tex. Civ. App.) 21 S.W.(2d) 76, 77; Beard v. Marshall (Tex. Civ. App.) 32 S.W. (2d) 496; Henderson v. Miller, by this court, 286 S. W. 501, writ of error refused.

We conclude that the trial court erred in refusing to give the peremptory instruction for appellants as was duly requested, and that the judgment below should be reversed and now here rendered in favor of appellants, and that appellees take nothing by their action and pay all costs of this litigation.

### On Motion for Rehearing.

In deference to the respectful requests of counsel that we pass upon the constitutionality of articles 2922h and 2922*l* and their allied articles, we undertake to say that we do not understand the present record to present the questions requested. We think it sufficient to say that, should our judgment sustaining the order of consolidation be upheld and the consolidated district should then undertake to proceed in any unauthorized way, full opportunity and remedy will then be available.

We think it unnecessary to discuss other questions presented in the motion, and it is accordingly overruled.