**CITY OF WICHITA FALLS, Appellant,**

v.

**Mary Elizabeth PEARCE, Kirby Kellog, Cheryl Bourgoin, David Delong, Randy Germany, and Paul Matlock, Appellees.**

**No. 2–00–229–CV.**

Court of Appeals of Texas, Fort Worth.

Nov. 16, 2000.

Rehearing Overruled Jan. 4, 2001.

Larry Lambert, Gregory D. Humbach, Wichita Falls City, Wichita Falls, for Appellant.

Strasburger & Price, David J. Labrec, Jacqueline S. Kelly, Wichita Falls, for Appellee.

Panel A: CAYCE, C.J., RICHARDS and HOLMAN, JJ.

## OPINION

DAVID L. RICHARDS, Justice.

### Introduction

This is an appeal from the trial court's decision overruling Appellant City of Wichita Falls's plea to the jurisdiction. Appellees are residents of an area called the "Kovarik Road Area." The City of Wichita Falls (hereinafter "The City") annexed this area into its city limits on November 6, 1997. Appellees filed suit on August 21, 1998 seeking disannexation. The City filed a plea to the jurisdiction, which was overruled by the trial court. The City argues in one issue that the trial court erred by overruling its plea to the jurisdiction. We will reverse and render judgment.

### Statement of Facts

Ordinance 106–97, which annexed the Kovarik Road Area into the city limits, was passed on October 7, 1997 and became effective on November 6, 1997. An annexation service plan was included in the ordinance providing for the extension of municipal services to the area. On May 26, 1998, a majority of the residents of the Kovarik Road Area filed a petition for disannexation with the City of Wichita Falls. The City failed to disannex the area within sixty days of the filing of the petition. Appellees then brought this suit.

### Reason for Disannexation

Appellees claim they are entitled to disannexation because the service plan adopted by the City is facially invalid. Specifically, they allege that the service plan does not provide for the extension of full municipal services because the plan provides that extensions of water and wastewater systems must be paid for by the residents themselves. They also argue, in the alternative, that the City has failed to perform its obligations under the service plan in good faith.

## Subject Matter Jurisdiction

The legislature has provided that a lawsuit may be brought by citizens where the disannexation is sought on grounds that the municipality failed to perform its obligations in accordance with the service plan or failed to perform in good faith. Tex.Loc.Gov't Code Ann. § 43.141(b) (Vernon Supp.2000). Appellees, however, are not contending that the City failed to *perform* in accordance with the service plan. They are instead arguing that the service plan is *invalid on its face.* This is an attack on the validity of the annexation ordinance and attached service plan and is, therefore, not governed by section 43.141(b).

Absent specific legislative authorization, the only proper method for attacking the validity of a city's annexation of territory is through a quo warranto proceeding, unless the annexation is wholly void. *Alexander Oil Co. v. City of Seguin,* 825 S.W.2d 434, 436 (Tex.1991). Instances in which a private challenge will be allowed because the annexation ordinance is void are those where the municipality exceeds its authority to annex. *Id.* at 438. Examples of these instances include: annexing territory that exceeds statutory size limitations, attempting to annex territory within the corporate limits of another municipality, attempting to annex territory that is not contiguous with current city limits, and describing territory in such a way that the boundary of the annexed area does not close. *Id.* A challenge to the adequacy of the service plan cannot be brought in a private challenge; it must be raised in a quo warranto proceeding. *Id.*

While it may seem harsh that residents actually affected by annexation cannot challenge the ordinance on their own behalf, there are strong policy reasons behind this rule. If private challenges were allowed, numerous suits by various property holders could be brought. Because often the validity of the annexation turns on an issue of fact, successive suits could lead to the anomalous situation where neighboring property owners were bound by drastically different judgments. *Kuhn v. City of Yoakum,* 6 S.W.2d 91, 92 (Tex. Comm'n App.1928, judgm't adopted). Requiring the State to bring these challenges allows one judgment binding all the property owners involved and settles the validity of the ordinance. *Id.*

Because the proper remedy is a quo warranto proceeding, the trial court had no jurisdiction to consider appellees's complaints. *See Tomlinson v. Williamson,* 243 S.W. 287, 288 (Tex.Civ.App.—El Paso 1922, writ dism'd w.o.j.); *see generally Bute v. League City,* 390 S.W.2d 811 (Tex. Civ.App.—Houston 1965, no writ). We sustain the City's issue.

## Conclusion

Having sustained the City's issue because the trial court lacked subject matter jurisdiction to hear the underlying suit, we reverse and render judgment granting the City's plea to the jurisdiction and dismissing the case.