IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-06-00385-CR

 

In re
Vaughn Birdwell

 

 



Original Proceeding

 

 



Opinion on rehearing



 

Vaughn Birdwell, who was sentenced to life in
prison after being convicted of first degree murder, filed a motion for DNA
testing on July 12, 2006, in the 54th District Court of McLennan County.  He suggests that testing of a knife and swab samples from a rape kit will show that he
did not attack, rape, or cause the death of the victim.

            When the trial court did not rule on
his motion, he filed this original proceeding asking us to order the Honorable
George Allen, Judge of the 54th District Court to rule.  No record was filed
with the petition, and we denied it.  In re Birdwell, No.
10-06-00385-CR, 2006 Tex. App. LEXIS 10544 (Tex. App.—Waco December 6, 2006,
orig. proceeding) (not designated for publication).

            Birdwell then filed a “notice of
appeal,” which we docketed as No. 10-07-00020-CR and dismissed.  On further
review, we concluded that the notice of appeal was in the nature of a motion
for rehearing.  See Ex parte Birdwell, No. 10-06-00385-CR, 2007 Tex.
App. LEXIS 2348 (Tex. App.—Waco, March 21, 2007, order) (also filed as a
Memorandum Opinion in No. 10-07-00020-CR).[1]  We
ordered the Clerk to file it as a motion for rehearing in this cause on the
date it was received, December 18, 2006.  We also ordered that all documents
filed in Cause No. 10-07-00020-CR be transferred to this 

cause, and rehearing was granted.  See id.

Duty to Rule

            Birdwell asks us require the trial
court to rule.  The State argues that there is no ministerial duty to rule on a
motion that has been denied twice.  The record in this proceeding compels us to
disagree with the State.

            An act is ministerial if it
constitutes a duty clearly fixed and required by law.  State ex rel. Curry
v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987).  A ministerial act is
one which is accomplished without the exercise of discretion or judgment.  Id.   Deciding how to rule is not a ministerial act.  Id.  Although we may
compel a court to consider a motion, we do not require that the judge rule in a
certain way.  Id.  A trial court has a ministerial duty to timely rule
on a motion requesting relief.  See, e.g., In re Salazar, 134 S.W.3d
357, 358 (Tex. App.—Waco 2003, orig. proceeding).

 

 

Petition for Writ of Mandamus

            The Court of Criminal Appeals says
that “Chapter 64 does not prohibit a second, or successive, motion for forensic
DNA testing . . . .”  Ex parte Baker, 185 S.W.3d 894, 897 (Tex. Crim.
App. 2006).  Based on the record before us, we are unable to determine whether
the trial court ever required a response from the State to Birdwell’s motion,
as mandated by Chapter 64.  Consequently, we cannot determine whether there is
biological material subject to DNA testing or whether the statute has been
complied with.

            As the State points out, on January 1,
2007, Judge Allen was replaced by the Honorable Matt Johnson as Judge of the
54th District Court.  Because this proceeding has been pending since before
that date, Judge Johnson has not had a reasonable opportunity to consider
Birdwell’s motion.  Accordingly, Birdwell’s petition for writ of mandamus is denied
without prejudice to Birdwell’s right to seek mandamus relief in the event
Judge Johnson does not comply with Chapter 64 of the Texas Code of Criminal
Procedure and timely rule on Birdwell’s motion for DNA testing.

 

                                                                                    BILL
VANCE

                                                                                    Justice

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

            (Chief
Justice Gray concurring)

Petition for writ of
mandamus denied

Opinion delivered and
filed May 23, 2007

Publish

[OT06]









    [1]           The
order recites the extensive history of Birdwell’s attempts to obtain DNA
testing.








e, 33 S.W.3d 415,
417 (Tex. App.—Fort Worth 2000, no pet.).

The gist of Hall’s claim is that, 4½ years after
annexation, the city had failed to provide full municipal services, as she
alleges was required by section 43.056.  She asserts that the service plan as
written must be read in conjunction with section 43.056 and that the city failed
to comply with the mandate in that section to provide “full municipal services.” 
The applicable part of that statute in effect at the time of the annexation in July
1999 provided:

(a) . . .  The municipality shall provide the
services by any of the methods by which it extends the services to any other
area of the municipality.

(b)  The service plan must include a program under
which the municipality will provide full municipal services in the annexed area
no later than 4½ years after the effective date of the annexation, in
accordance with Subsection (d).

 

Act of June 19, 1989, 71st Leg., R.S., ch. 822, §
1, 1989 Tex. Gen. Laws, 3770 (current version at Tex. Loc. Gov’t Code Ann. § 43.056(a), (b) (Vernon Supp.
2006)).[1]

In an interrogatory answer, Hall admitted that she
does not contend that Bryan violated the service plan in any manner other than
by failing to extend water lines, extend sewer lines, and install fire hydrants
free of charge to the residents or property owners in the annexed area.

In its motion for summary judgment, the city
conclusively proved that it had complied with the service plan as written.  The
service plan provides:  “As used in this plan, the term ‘providing services’
includes having services provided by any method or means by which the City may
extend municipal services to any other area of the City, including the City’s
infrastructure extension policies and developer or property owner participation
in accordance with applicable city ordinances.”  The service plan does not
contain a commitment by the city to provide to the annexed area free extensions
of water lines, free extensions of sewer lines, free fire hydrant installations,
or services on terms more favorable than those offered to citizens in the rest
of the city.  The trial court thus did not err in granting summary judgment on
the ground that the city conclusively proved that it had complied with the
service plan.

Hall’s complaint is essentially that former
section 43.056(b)’s requirement to provide “full municipal services” not later
than 4½ years after annexation ought to be legally engrafted into the service
plan.  We decline to go outside the strictures of section 43.141(b) and sanction
a citizen disannexation suit to be based on legal duties outside of the service
plan.  See Larkins v. City of Denison, 683 S.W.2d 754, 756-57 (Tex. App.—Dallas 1984, no writ) (“Where a statute provides a particular remedy, the courts
should be wary of reading into it other remedies which negate the protections
for competing interests which the legislature considered when shaping the
remedy.”).  Section 43.141(b) provides for disannexation only for the city’s failure “to perform its obligations in
accordance with the service plan“ or for its failure to perform in good
faith.  Tex.
Loc. Gov’t Code Ann. § 43.141(b)
(emphasis added).  It does not provide for citizen disannexation for failure to
comply with, for example, section 43.056.

            The trial court did not err in
granting the city’s motion for summary judgment.  We overrule Hall’s issue and
affirm the trial court’s final summary judgment.

 

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

            Justice
Vance, 

Justice Reyna 

Affirmed

Opinion
delivered and filed November 29, 2006

[CV06]









[1]               Absent specific
legislative authorization such as section 43.141(b), the only proper method for
attacking the validity of a city’s annexation is through a quo warranto
proceeding, unless the annexation is wholly void.  Alexander Oil Co. v. City
of Seguin, 825 S.W.2d 434, 436 (Tex. 1991); Pearce, 33 S.W.3d at
417.  A challenge to the adequacy of the service plan—because it, for example,
is inadequate under section 43.056—cannot be brought in a private challenge; it
must be raised in a quo warranto proceeding brought by the State.  Pearce,
33 S.W.3d at 417 (plaintiffs alleged service plan did not provide for extension
of full municipal services because plan provided that extensions of water and
wastewater systems must be paid for by residents).  Requiring the State to
bring the challenge in a quo warranto proceeding allows one judgment
that binds all the property owners involved and settles the validity of the
annexation ordinance.  Id. (citing Kuhn v. City of Yoakum, 6
S.W.2d 91, 92 (Tex. Comm’n App. 1928, judgm’t adopted)).  Accordingly, to the
extent that Hall’s suit challenges the adequacy of the service plan because it
does not include former
section 43.056(b)’s requirement to provide “full municipal services” not later
than 4½ years after annexation, we would hold that Hall lacked standing to
prosecute such a claim.