

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00403-CV

**KAREN HALL,**

**Appellant**

**v.**

**CITY OF BRYAN, TEXAS,**

**Appellee**

**From the 272nd District Court
Brazos County, Texas
Trial Court No. 09-002813-CV-272**

## MEMORANDUM  OPINION

The City of Bryan annexed part of Karen Hall's property in 1999.  For the second time, she sued the City for disannexation.  *See* TEX. LOC. GOV'T CODE ANN. § 43.141(b) (West 2008).  Because the trial court did not err in failing to file findings of fact and conclusions of law or in granting the City's plea to the jurisdiction, we affirm the trial court's judgment.

### BACKGROUND

On July 17, 1999, the City adopted an ordinance annexing part of Hall's property. In 2004, she sought disannexation.  The trial court granted the City's motion for

summary judgment and Hall appealed. We affirmed the trial court's judgment in 2005. *See Hall v. City of Bryan*, No. 10-05-00417-CV, 2006 Tex. App. LEXIS 10280 (Tex. App.—Waco Nov. 29, 2006, pet. denied) (mem. op.). In 2010, Hall again sued the City for disannexation. The trial court granted the City's plea to the jurisdiction and, the trial court, if it had any jurisdiction, granted the City's motion for summary judgment.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

In her first issue, Hall argues that the trial court erred in failing to file findings of fact and conclusions of law. Hall timely filed a request for findings of fact and conclusions of law and a notice of past due findings of fact and conclusions of law with respect to the trial court's decision to grant the City's plea to the jurisdiction. *See* TEX. R. CIV. P. 296; 297. A trial court has no duty, however, to file findings of fact and conclusions of law when a case, like this one, has been dismissed for lack of subject matter jurisdiction and no evidentiary hearing has been held. *See Zimmerman v. Robinson*, 862 S.W.2d 162, 164 (Tex. App.—Amarillo 1993, no writ); *Timmons v. Luce*, 840 S.W.2d 582, 586 (Tex. App.—Tyler 1992, no writ). *See also Wion v. Thayler*, No. 10-09-00369-CV, 2010 Tex. App. LEXIS 9153, 2-3 (Tex. App.—Waco Nov. 17, 2010, no pet.) (mem. op.) (trial court did not err in failing to file findings of fact and conclusions of law after plea to the jurisdiction granted). Accordingly, the trial court did not err in failing to file findings of fact and conclusions of law, and Hall's first issue is overruled.

### PLEA TO THE JURISDICTION

In her second issue, Hall asserts that the trial court erred in granting the City's plea to the jurisdiction. The City's initial argument is that Hall lacks standing to bring

her claim.

Standing is a prerequisite to subject matter jurisdiction and may be raised by a plea to the jurisdiction. *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 313 (Tex. 2008). Whether a court has subject matter jurisdiction is a question of law. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised as the trial court is required to do. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004).

*Disannexation*

The Texas Constitution grants cities the power to annex, or bring within its jurisdiction, land. Tex. Const. art XI, § 5. The Legislature establishes procedures to be used by cities in conducting annexations. *See* Tex. Loc. Gov't Code Ann. ch. 43 (West 2008). When a city brings property into its jurisdiction, it must present a proposed plan for providing city services to the area being annexed. *See* Tex. Loc. Gov't Code Ann. § 43.056 (West 2008). If the city then fails or refuses to provide services or fails or refuses to cause services to be provided to the area, a majority of the qualified voters of the annexed area may petition the city for removal of the annexed property from the city by a process called "disannexation." *Id*. § 43.141(a). If the city fails or refuses to disannex

the area within a specified time period, a lawsuit for disannexation may be brought by any one of the signers of the petition for disannexation. *Id.* § 43.141(b). The district court shall enter an order disannexing the area if the court finds that the city "failed to perform its obligations in accordance with an annexation service plan or failed to perform in good faith."

But the process of disannexation, which an individual property owner has standing to do under section 43.141 of the Local Government Code, is distinguishable from complaints about the annexation process in the first instance. Complaints about the annexation process cannot normally be brought by individual landowners. *See City of San Antonio v. Hardee*, 70 S.W.3d 207, 211 (Tex. App.—San Antonio 2001, no pet.) (plaintiffs did not have standing to complain that city did not follow the procedures set out in section 43.052(b)-(c)); *Alexander Oil Co. v. City of Seguin*, 825 S.W.2d 434, 438 (Tex. 1991) (plaintiff could not complain that notice given by city did not comply with statute; that city failed to conduct proper and timely hearings and failed to provide, and continued to fail to provide, a service plan as required; that city annexed the property for the purpose of levying ad valorem taxes; and that city had no ability or intention to provide service to the property); s*ee also Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 658 (Tex. 1995) (plaintiff had no standing to challenge alleged failures to meet the notice and signature requirements). That is the crux of footnote one in our earlier opinion regarding Hall's initial efforts to disannex her property. *Hall v. City of Bryan*, No. 10-05-00417-CV, 2006 Tex. App. LEXIS 10280, n. 1 (Tex. App.—Waco Nov. 29, 2006, pet. denied) (mem. op.).

Therefore, to determine if the trial court has jurisdiction of a disannexation suit, the nature of the landowner's complaints have to be closely examined to determine if the complaint is about the annexation process or the implementation of the annexation plan. *See City of San Antonio*, 70 S.W.3d at 210 (Historically, a review of an individual party's standing to challenge annexation inquires whether the challenge attacks a city's authority to annex the area in question or simply complains of some violation of statutory procedure.); *see also City of Wichita Falls v. Pearce*, 33 S.W.3d 415, 417 (Tex. App.—Fort Worth 2000, no pet.). A misrepresentation by the city about the plan in the annexation process is the former type complaint, and an individual property owner does not have standing to sue for disannexation. In that instance, the only proper method for attacking the city's annexation of territory is through a quo warranto proceeding.[1] *Alexander Oil Co.*, 825 S.W.2d at 436. On the other hand, a complaint that the city has failed to provide services to specific property that was annexed, under a service plan or in good faith, gives that individual property owner standing to sue the city to have the property disannexed. TEX. LOC. GOV'T CODE ANN. § 43.141(b) (West 2008).

Even an annexation and services plan that was not made in "good faith" could nevertheless be implemented or attempted to be implemented in good faith. In effect, the motive for the annexation and the implementation of the annexation services plan are, and must remain, distinct because only a complaint about the latter gives an

---

[1] Quo warranto proceedings are used by the State to protect itself and the good of the public through agents of the State who control the proceedings. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 627 n. 8 (Tex. 2008).

individual landowner the right to complain, *i.e.* standing, and thus the right to have property disannexed. *See Alexander Oil Co.*, 825 S.W.2d at 436 n. 1. ("There is no provision for judicial inquiry into a municipality's motives to annex land.")

Thus we will closely examine the allegations in Hall's petition to see if she is complaining about having been annexed in the first instance or whether she is complaining about the City's lack of a good faith effort in its performance to provide services to the area.

### Hall's Lawsuit

Hall brought her disannexation suit strictly pursuant to the provision that the City failed to perform in good faith. She acknowledged in her first amended petition that

> The City's failure to provide a statutorily adequate Service Plan was directly litigated in *Hall v. City of Bryan*, 2006 Tex. App. LEXIS 10280 (Tex. App.—Waco, Nov. 29, 2006, pet. denied). A copy of the Opinion is attached for the Court's reference as Exhibit "C." The Court held that an individual citizen could only hold the City to what is promised in the Service Plan and not to what was required by TEX. LOC. GOV'T CODE § 43.056. *This petition is limited to the City's lack of good faith in annexing Hwy. 21 E.* (Emphasis added).

It is undisputed that the City is not providing full municipal services to the area annexed. Hall's complaints with the City's failure to perform in good faith, however, relate back to representations, or lack thereof, made by the City at the public hearings held prior to the annexation. The gist of Hall's petition is that the City promised at those public hearings to provide services pursuant to section 43.056 of the Local Government Code (Provision of Services to Annexed Area) and failed to do so. Hall

alleged in her petition that the City "chose to be invidiously misleading, evasive or totally non-responsive to requests for information about the State of Texas mandated services." She further alleged in the conclusion of her petition that

> Bryan's deception during public hearings – by admission or omission – about services rural residents would receive after annexation is beyond disingenuous. Bryan never intended to meet that obligation and the flim-flam offered at those public hearings is further evidence of Bryan failing to perform in good faith.

This is an attack on the validity of the annexation in the first instance, not that the City failed to perform in good faith. Hall's attack is, therefore, not governed by section 43.141(b). *See City of Wichita Falls*, 33 S.W.3d at 417.

Accordingly, because of the type of complaint made by Hall in her first amended petition, she has no standing to proceed with her petition for disannexation; and the trial court did not err in granting the City's plea to the jurisdiction.

Her second issue is overruled.

## CONCLUSION

Having found that the trial court did not err in granting the City's plea to the jurisdiction, we need not review Hall's remaining two issues regarding the City's motion for summary judgment.[2] The trial court's judgment is affirmed.[3]

---

[2] We note, however, that by finding it had no jurisdiction of the proceeding, the trial court could not properly dispose of the proceeding on the merits of the issue as presented in the summary judgment motions and resulting judgment.

[3] Our affirmance of the trial court's judgment should not be construed as a validation of the process through which the City has annexed property and subjected the existing property owners to full city taxation without also providing full city services. If the annexation procedure does not provide for providing services to existing property owners without them having to pay for the services, it appears to be non-compliant with the annexation statute. *See* TEX. LOC. GOV'T CODE ANN. § 43.056(f)(2) (West 2008).

TOM GRAY
Chief Justice

Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Affirmed
Opinion delivered and filed October 5, 2011
[CV06]

---

Thus, when the city service plan called for the extension of services to the annexed area only if the property owner/developer, including existing residents, paid for the extension of services, the plan appears to depart from the statute. Failure of the service agreement to provide for services to existing residents in the area annexed without those residents having to pay for the extension services to the area appears to be a deficient service agreement under the statute. Such a deficiency, if any, is a part of the annexation process about which Hall cannot complain in this proceeding. Her complaint is not that the service plan that *was* adopted and implemented was not complied with, but that the service plan that *should have been* adopted and implemented has not been complied with.